


UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DOE, JOHN DOE, SR. and JANE DOE, Plaintiffs, <br><br> vs. <br><br> FATHER ERIC ENSEY, FATHER CARLOS URRUTIGOITY, DIOCESE OF SCRANTON, BISHOP JAMES C. TIMLIN, THE SOCIETY OF ST. JOHN, THE PRIESTLY FRATERNITY OF ST. PETER and ST. GREGORY'S ACADEMY, Defendants. | NO. 3:CV02-0444 <br><br> FILED SCRANTON <br> JUN 27 2002 <br> PER ____ <br> DEPUTY CLERK <br><br> JURY TRIAL DEMANDED |

## ANSWER AND AFFIRMATIVE DEFENSES OF THE PRIESTLY FRATERNITY OF ST. PETER AND ST. GREGORY'S ACADEMY TO PLAINTIFFS' COMPLAINT

1. Denied as a conclusion of law on advice of legal counsel.

2. Denied as a conclusion of law on advice of legal counsel.

3. On advice of legal counsel, this paragraph of the Complaint is denied. The identity of the plaintiffs have not been formally disclosed or confirmed to the answering defendants due to the designation of such individuals as John Doe, John Doe, Sr. and Jane Doe.

4. Admitted in part and denied in part. It is admitted that Father Eric Ensey is a member of the Society of St. John. It is also admitted that Father Eric Ensey did at one time formerly reside for a period of time at St. Gregory's Academy in Elmhurst, Lackawanna County. As to the balance of the averments of this paragraph of the Complaint, on advice of legal counsel, the same are denied and proof thereof is demanded at trial.

5. Admitted in part and denied in part. It is admitted that Father Carlos Urrutigoity is a member of the Society of St. John. It is also admitted that Father Carlos Urrutigoity did at one time

formerly reside for a period of time at St. Gregory's Academy in Elmhurst, Lackawanna County. As to the balance of the averments of this paragraph of the Complaint, on advice of legal counsel, the same are denied and proof thereof is demanded at trial.

6. The allegations set forth in paragraph 6 are not directed to the answering defendants, therefore on advice of legal counsel, the same are denied and proof thereof is demanded at trial.

7. Admitted.

8. The allegations set forth in paragraph 8 are not directed to the answering defendants, therefore on advice of legal counsel, the same are denied and proof thereof is demanded at trial.

9. Admitted, with the exception that the location is Elmhurst, Lackawanna County, Pennsylvania.

10. Admitted in part and denied in part. It is admitted that St. Gregory's Academy is operated by the Priestly Fraternity of St. Peter as an all boys high school situate in Elmhurst, Lackawanna County, Pennsylvania. The property is owned by the Diocese of Scranton. As to the balance of the averments of this paragraph of the Complaint, on advice of legal counsel, the same are denied and proof thereof is demanded at trial.

11. The answer to paragraph 8 of the Complaint is incorporated herein by reference.

12. The allegations set forth in paragraph 12 are not directed to the answering defendants, therefore on advice of legal counsel, the same are denied and proof thereof is demanded at trial.

13. The allegations set forth in paragraph 13 are not directed to the answering defendants, therefore on advice of legal counsel, the same are denied and proof thereof is demanded at trial.

14. The allegations set forth in paragraph 14 are not directed to the answering defendants, therefore on advice of legal counsel, the same are denied and proof thereof is demanded at trial.

15. The allegations set forth in paragraph 15 are not directed to the answering defendants, therefore on advice of legal counsel, the same are denied and proof thereof is demanded at trial.

16. The allegations of paragraph 16 are denied and proof thereof is demanded at trial.

17. The allegations of paragraph 17 are denied and proof thereof is demanded at trial.

18. The allegations of paragraph 18 are denied and proof thereof is demanded at trial.

19. The allegations of paragraph 19 are denied and proof thereof is demanded at trial.

20. The allegations of paragraph 20 are denied and proof thereof is demanded at trial.

21. Admitted in part and denied in part. It is admitted that in the Fall of 1997, members of the Society of St. John moved to Lackawanna County, Pennsylvania. The balance of the averments of this paragraph of the Complaint are directed to parties other than the answering defendants, therefore on advice of legal counsel, the same are denied and proof thereof is demanded at trial.

22. Admitted in part and denied in part. It is admitted that various members of the Society of St. John temporarily resided in Elmhurst, Lackawanna County at St. Gregory's Academy. The balance of the averments of this paragraph of the Complaint are directed to parties other than the answering defendants, therefore on advice of legal counsel, the same are denied and proof thereof is demanded at trial.

23. It is admitted that the Fraternity was founded by former members of the Society of Saint Pius X.

24. Admitted in part and denied in part. It is admitted that the Priestly Fraternity of St. Peter has a legitimate chapel on the property of St. Gregory's Academy located in Elmhurst, Pennsylvania, which is owned by the Diocese of Scranton, and that the Fraternity is a pontifical organization under the authority of the Pope. The balance of the averments of this paragraph of the

3

Complaint are directed to parties other than the answering defendants, therefore on advice of legal counsel, the same are denied and proof thereof is demanded at trial.

25. The answer to paragraph 8 of the Complaint is incorporated herein by reference.

26. The averments of paragraph 26 of the Complaint are directed to parties other than the answering defendants, therefore on advice of legal counsel, the same are denied and proof thereof is demanded at trial.

27. The averments of this paragraph of the Complaint are directed to parties other than the answering defendants, therefore on advice of legal counsel, the same are denied and proof thereof is demanded at trial.

28. Denied. The members of the Society of St. John did not serve as chaplains after May of 1999 and did not reside at St. Gregory's Academy at any time after August of 1999.

29. Denied.

30. On advice of legal counsel, this paragraph of the Complaint is denied. The identity of the plaintiffs have not been formally disclosed or confirmed to the answering defendants due to the designation of such individuals as John Doe, John Doe, Sr. and Jane Doe.

31. Admitted in part and denied in part. It is admitted that in October of 1997, members of the Society of St. John arrived at St. Gregory's Academy. As to the balance of the averments of this paragraph of the Complaint, the identity of the plaintiffs has not as yet been disclosed or confirmed to the answering defendants, therefore on advice of legal counsel, the balance of the averments of this paragraph of the Complaint are denied and proof thereof is demanded at trial.

32. The averments of paragraph 32 of the Complaint are directed to parties other than the answering defendants, therefore on advice of legal counsel, the averments of this paragraph of the Complaint are denied and proof thereof is demanded at trial.

33. The averments of paragraph 33 of the Complaint are directed to parties other than the answering defendants, therefore on advice of legal counsel, the averments of this paragraph of the Complaint are denied and proof thereof is demanded at trial.

### FIRST CAUSE OF ACTION - ASSAULT AND BATTERY

John Doe, John Doe, Sr. and Jane Doe vs. Father Eric Ensey and Father Carlos Urrutigoity

34. The answers set forth in paragraphs 1 through 33 are incorporated herein by reference as if fully set forth hereinafter at length.

35. The averments of paragraph 35 of the Complaint are directed to parties other than the answering defendants, therefore on advice of legal counsel, the averments of this paragraph of the Complaint are denied and proof thereof is demanded at trial.

36. The averments of paragraph 36 of the Complaint are directed to parties other than the answering defendants, therefore on advice of legal counsel, the averments of this paragraph of the Complaint are denied and proof thereof is demanded at trial.

37. The averments of paragraph 37 of the Complaint are directed to parties other than the answering defendants, therefore on advice of legal counsel, the averments of this paragraph of the Complaint are denied and proof thereof is demanded at trial.

38. The averments of paragraph 38 of the Complaint are directed to parties other than the answering defendants, therefore on advice of legal counsel, the averments of this paragraph of the Complaint are denied and proof thereof is demanded at trial.

39. The averments of paragraph 39 of the Complaint are directed to parties other than the answering defendants, therefore on advice of legal counsel, the averments of this paragraph of the Complaint are denied and proof thereof is demanded at trial.

40. The averments of paragraph 40 of the Complaint are directed to parties other than the answering defendants, therefore on advice of legal counsel, the averments of this paragraph of the Complaint are denied and proof thereof is demanded at trial.

41. The averments of paragraph 41 of the Complaint are directed to parties other than the answering defendants, therefore on advice of legal counsel, the averments of this paragraph of the Complaint are denied and proof thereof is demanded at trial.

42. The averments of paragraph 42 of the Complaint are directed to parties other than the answering defendants, therefore on advice of legal counsel, the averments of this paragraph of the Complaint are denied and proof thereof is demanded at trial.

43. The averments of paragraph 43 of the Complaint are directed to parties other than the answering defendants, therefore on advice of legal counsel, the averments of this paragraph of the Complaint are denied and proof thereof is demanded at trial.

44. The averments of paragraph 44 of the Complaint are directed to parties other than the answering defendants, therefore on advice of legal counsel, the averments of this paragraph of the Complaint are denied and proof thereof is demanded at trial.

45. The averments of paragraph 45 of the Complaint are directed to parties other than the answering defendants, therefore on advice of legal counsel, the averments of this paragraph of the Complaint are denied and proof thereof is demanded at trial.

WHEREFORE, answering defendants demand that judgment be entered in their favor, and that costs of this suit be assessed against the plaintiffs.

### SECOND CAUSE OF ACTION - NEGLIGENCE

John Doe, John Doe, Sr. and Jane Doe vs. Bishop
James C. Timlin, Diocese of Scranton and the Society of St. John

46. The answers set forth in paragraphs 1 through 45 are incorporated herein by reference as if fully set forth hereinafter at length.

47. The averments of paragraph 47 of the Complaint are directed to parties other than the answering defendants, therefore on advice of legal counsel, the averments of this paragraph of the Complaint are denied and proof thereof is demanded at trial.

48. The averments of paragraph 48 of the Complaint are directed to parties other than the answering defendants, therefore on advice of legal counsel, the averments of this paragraph of the Complaint are denied and proof thereof is demanded at trial.

49. The averments of paragraph 49 of the Complaint are directed to parties other than the answering defendants, therefore on advice of legal counsel, the averments of this paragraph of the Complaint are denied and proof thereof is demanded at trial.

50. The averments of paragraph 50 of the Complaint are directed to parties other than the answering defendants, therefore on advice of legal counsel, the averments of this paragraph of the Complaint are denied and proof thereof is demanded at trial.

51. The averments of paragraph 51 of the Complaint are directed to parties other than the answering defendants, therefore on advice of legal counsel, the averments of this paragraph of the Complaint are denied and proof thereof is demanded at trial.

(a)     The averments of paragraph 51(a) of the Complaint are directed to parties other than the answering defendants, therefore on advice of legal counsel, the averments of this paragraph of the Complaint are denied and proof thereof is demanded at trial.

(b)     The averments of paragraph 51(b) of the Complaint are directed to parties other than the answering defendants, therefore on advice of legal counsel, the averments of this paragraph of the Complaint are denied and proof thereof is demanded at trial.

(c)     The averments of paragraph 51(c) of the Complaint are directed to parties other than the answering defendants, therefore on advice of legal counsel, the averments of this paragraph of the Complaint are denied and proof thereof is demanded at trial.

(d)     The averments of paragraph 51(d) of the Complaint are directed to parties other than the answering defendants, therefore on advice of legal counsel, the averments of this paragraph of the Complaint are denied and proof thereof is demanded at trial.

(e)     The averments of paragraph 51(e) of the Complaint are directed to parties other than the answering defendants, therefore on advice of legal counsel, the averments of this paragraph of the Complaint are denied and proof thereof is demanded at trial.

(f)     The averments of paragraph 51(f) of the Complaint are directed to parties other than the answering defendants, therefore on advice of legal counsel, the averments of this paragraph of the Complaint are denied and proof thereof is demanded at trial.

(g)     The averments of paragraph 51(g) of the Complaint are directed to parties other than the answering defendants, therefore on advice of legal counsel, the averments of this paragraph of the Complaint are denied and proof thereof is demanded at trial.

(h) The averments of paragraph 51(h) of the Complaint are directed to parties other than the answering defendants, therefore on advice of legal counsel, the averments of this paragraph of the Complaint are denied and proof thereof is demanded at trial.

52. The averments of paragraph 52 of the Complaint are directed to parties other than the answering defendants, therefore on advice of legal counsel, the averments of this paragraph of the Complaint are denied and proof thereof is demanded at trial.

53. The averments of paragraph 53 of the Complaint are directed to parties other than the answering defendants, therefore on advice of legal counsel, the averments of this paragraph of the Complaint are denied and proof thereof is demanded at trial.

54. The averments of paragraph 54 of the Complaint are directed to parties other than the answering defendants, therefore on advice of legal counsel, the averments of this paragraph of the Complaint are denied and proof thereof is demanded at trial.

55. The averments of paragraph 55 of the Complaint are directed to parties other than the answering defendants, therefore on advice of legal counsel, the averments of this paragraph of the Complaint are denied and proof thereof is demanded at trial.

56. The averments of paragraph 56 of the Complaint are directed to parties other than the answering defendants, therefore on advice of legal counsel, the averments of this paragraph of the Complaint are denied and proof thereof is demanded at trial.

57. The averments of paragraph 57 of the Complaint are directed to parties other than the answering defendants, therefore on advice of legal counsel, the averments of this paragraph of the Complaint are denied and proof thereof is demanded at trial.

WHEREFORE, answering defendants demand that judgment be entered in their favor, and that costs of this suit be assessed against the plaintiffs.

### THIRD CAUSE OF ACTION - NEGLIGENCE

John Doe, John Doe, Sr. and Jane Doe vs. Fraternity of St. Peter and St. Gregory's Academy

58. The answers set forth in paragraphs 1 through 57 are incorporated herein by reference as if fully set forth hereinafter at length.

59. Denied as a conclusion of law on advice of legal counsel. The law applicable to this case will be determined by the Court.

60. The allegations of paragraph 60 are denied and proof thereof is demanded at trial.

61. The allegations of paragraph 61 are denied and proof thereof is demanded at trial.

62. The allegations of paragraph 62 are denied and proof thereof is demanded at trial. In further answer thereto, it is averred as follows:

 (a) The allegations of paragraph 62(a) are denied and proof thereof is demanded at trial.

 (b) The allegations of paragraph 62(b) are denied and proof thereof is demanded at trial.

 (c) The allegations of paragraph 62(c) are denied and proof thereof is demanded at trial.

 (d) The allegations of paragraph 62(d) are denied and proof thereof is demanded at trial.

 (e) The allegations of paragraph 62(e) are denied and proof thereof is demanded at trial.

63. The allegations of paragraph 63 are denied and proof thereof is demanded at trial.

64. After reasonable investigation, the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the averments. Therefore, on advice of legal counsel the answering defendants deny the averments set forth in this paragraph.

65. After reasonable investigation, the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the averments. Therefore, on advice of legal counsel the answering defendants deny the averments set forth in this paragraph.

66. After reasonable investigation, the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the averments. Therefore, on advice of legal counsel the answering defendants deny the averments set forth in this paragraph.

67. After reasonable investigation, the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the averments. Therefore, on advice of legal counsel the answering defendants deny the averments set forth in this paragraph.

68. After reasonable investigation, the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the averments. Therefore, on advice of legal counsel the answering defendants deny the averments set forth in this paragraph.

WHEREFORE, answering defendants demand that judgment be entered in their favor, and that costs of this suit be assessed against the plaintiffs.

## FOURTH CAUSE OF ACTION - AGENCY

69. The answers set forth in paragraphs 1 through 68 are incorporated herein by reference as if fully set forth hereinafter at length.

70. The allegations set forth in paragraph 70 are not directed to the answering defendants, therefore on advice of legal counsel, the same are denied and proof thereof is demanded at trial.

71. After reasonable investigation, the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the averments. Therefore, on advice of legal counsel the answering defendants deny the averments set forth in this paragraph.

72. After reasonable investigation, the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the averments. Therefore, on advice of legal counsel the answering defendants deny the averments set forth in this paragraph.

73. Denied as a conclusion of law on advice of legal counsel.

WHEREFORE, answering defendants demand that judgment be entered in their favor, and that costs of this suit be assessed against the plaintiffs.

## FIFTH CAUSE OF ACTION - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### John Doe, John Doe, Sr. and Jane Doe vs. All Defendants

74. The answers set forth in paragraphs 1 through 73 are incorporated herein by reference as if fully set forth hereinafter at length.

75. The allegations of paragraph 75 are denied and proof thereof is demanded at trial.

76. The allegations of paragraph 76 are denied and proof thereof is demanded at trial.

77. It is denied that any conduct by the answering defendants was extreme and outrageous or beyond all bounds of decency.

78. After reasonable investigation, the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the averments. Therefore, on advice of legal counsel the answering defendants deny the averments set forth in this paragraph.

WHEREFORE, answering defendants demand that judgment be entered in their favor, and that costs of this suit be assessed against the plaintiffs.

### SIXTH CAUSE OF ACTION - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

John Doe, John Doe, Sr. and Jane Doe vs. All Defendants

79. The answers set forth in paragraphs 1 through 78 are incorporated herein by reference as if fully set forth hereinafter at length.

80. The allegations of paragraph 80 are denied and proof thereof is demanded at trial.

81. Denied as a conclusion of law on advice of legal counsel. The law applicable to this case will be determined by the Court.

82. Denied as a conclusion of law on advice of legal counsel. The law applicable to this case will be determined by the Court.

83. It is denied that any conduct by the answering defendants was extreme and outrageous or went beyond all bounds of decency.

84. After reasonable investigation, the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the averments. Therefore, on advice of legal counsel the answering defendants deny the averments set forth in this paragraph.

WHEREFORE, answering defendants demand that judgment be entered in their favor, and that costs of this suit be assessed against the plaintiffs.

### SEVENTH CAUSE OF ACTION - INVASION OF PRIVACY

John Doe, John Doe, Sr. and Jane Doe vs. Father Eric Ensey and Father Carlos Urrutigoity

85. The answers set forth in paragraphs 1 through 84 are incorporated herein by reference as if fully set forth hereinafter at length.

86. The averments of paragraph 86 of the Complaint are directed to parties other than the answering defendants, therefore on advice of legal counsel, the same are denied and proof thereof is demanded at trial.

87. After reasonable investigation, the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the averments. Therefore, on advice of legal counsel the answering defendants deny the averments set forth in this paragraph.

WHEREFORE, answering defendants demand that judgment be entered in their favor, and that costs of this suit be assessed against the plaintiffs.

## EIGHTH CAUSE OF ACTION - BREACH OF DUTY (IN LOCO PARENTIS)

### John Doe, John Doe, Sr. and Jane Doe vs. All Defendants

88. The answers set forth in paragraphs 1 through 87 are incorporated herein by reference as if fully set forth hereinafter at length.

89. Denied as a conclusion of law on advice of legal counsel. The law applicable to this case will be determined by the Court.

90. Denied as a conclusion of law on advice of legal counsel. The law applicable to this case will be determined by the Court.

WHEREFORE, answering defendants demand that judgment be entered in their favor, and that costs of this suit be assessed against the plaintiffs.

## FIRST AFFIRMATIVE DEFENSE

On advice of legal counsel, it is averred that the statute of limitations, and/or the statute of repose, applicable to this case is pleaded as an affirmative defense and as a bar to this action.

## SECOND AFFIRMATIVE DEFENSE

Father Eric Ensey, Father Carlos Urrutigoity and the Society of St. John are joined as third party defendants and crossclaims for contribution and indemnification are hereby asserted by the answering defendants against said third party defendants, it being at all times denied however, that there is any liability by any party to the plaintiffs in this case.

LEESON, LEESON & LEESON

By _____
JOSEPH F. LEESON, JR.
ID NO. 32540
70 East Broad Street
P.O. Box 1426
Bethlehem, PA 18016-1426
(610) 691-3320

_____
JOSEPH F. GAUGHAN
ID NO. 73259
300 Mulberry Street, Suite 203
Scranton, PA 18503
(570) 346-1735

_____
JAMES A. KELLY
ID NO. 08359
300 Mulberry Street, Suite 203
Scranton, PA 18503
(570) 346-1735

Attorneys for Defendants, The Priestly Fraternity of St. Peter and St. Gregory's Academy

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DOE, JOHN DOE, SR. and JANE DOE,<br>Plaintiffs,<br><br>vs.<br><br>FATHER ERIC ENSEY, FATHER CARLOS URRUTIGOITY, DIOCESE OF SCRANTON, BISHOP JAMES C. TIMLIN, THE SOCIETY OF ST. JOHN, THE PRIESTLY FRATERNITY OF ST. PETER and ST. GREGORY'S ACADEMY,<br>Defendants. | ) NO. 3:CV02-0444<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) JURY TRIAL DEMANDED |

CERTIFICATE OF SERVICE

I, JOSEPH F. GAUGHAN, ESQUIRE, hereby certify that a true and correct copy of the foregoing Answer and Affirmative Defenses of the Priestly Fraternity of St. Peter and St. Gregory's Academy to Plaintiffs' Complaint, was forwarded to the following at the address indicated via U.S. Mail, postage prepaid on the date indicated below:

James Bendell, Esquire
2535 Ivy Street
P.O. Box 587
Port Townsend, WA 98368
  Attorney for Plaintiffs

Douglas A. Clark, Esquire
716 Adele Drive
Peckville, Pa 18452
  Attorney for Plaintiffs

Sal Cognetti, Jr., Esquire
Vincent S. Cimini, Esquire
507 Linden Street, Suite 700
Scranton, PA 18503
  Attorneys for Father Eric Ensey, Father Carlos
  Urrutigoity and Society of St. John

Diocese of Scranton
300 Wyoming Avenue
Scranton, PA 18503

Most Rev. James C. Timlin
Diocese of Scranton
300 Wyoming Avenue
Scranton, PA 18503

LEESON, LEESON & LEESON

By _____
JOSEPH F. LEESON, JR.
ID NO. 32540
70 East Broad Street
P.O. Box 1426
Bethlehem, PA 18016-1426
(610) 691-3320

Attorneys for Defendants, The Priestly
Fraternity of St. Peter and St.
Gregory's Academy

Date: 6-28-02