


IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DOE, JOHN DOE, SR. and JANE DOE,<br>      Plaintiffs<br><br>      vs.<br><br>FATHER ERIC ENSEY, FATHER CARLOS URRUTIGOITY, DIOCESE OF SCRANTON, BISHOP JAMES C. TIMLIN, THE SOCIETY OF ST. JOHN, THE PRIESTLY FRATERNITY OF ST. PETER, and ST. GREGORY'S ACADEMY,<br>      Defendants | :<br>:<br>:<br>:<br>:<br>:<br>: DOCKET NO. 3:CV-02-0444<br>:<br>:<br>:<br>: (VANASKIE, D.J.)<br>: (MANNION, M.J.) |

**************************************************************

<u>DEFENDANTS' FATHER ERIC ENSEY, FATHER CARLOS URRUTIGOITY AND THE SOCIETY OF ST. JOHNS' BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS ALL PARENT PLAINTIFFS' COUNTS, AS WELL AS PLAINTIFF JOHN DOE'S COUNT VII</u>

FILED
SCRANTON

I.   PROCEDURAL HISTORY OF THE CASE

AUG 1 5 2002

PER _____
           DEPUTY CLERK

   On March 20, 2002, plaintiffs John Doe and his parents, John Doe, Sr. and Jane Doe filed a Complaint against moving defendants, Father Eric Ensey, Father Carlos Urrutigoity, and the Society of St. John, as well as against certain other defendants.  On June 11, 2002 moving defendants filed a Motion for Enlargement of Time in which to respond to plaintiffs' Complaint.  On June 13, 2002, United States Magistrate Judge Malachy E. Mannion granted moving Defendants' motion and entered an Order allowing moving defendants until August 15, 2002 in which to file a response to plaintiffs' Complaint.

## II. STATEMENT OF FACTS

Plaintiff, John Doe and his parents, John Doe, Sr. and Jane Doe have filed this Complaint alleging claims for assault and battery (Count I), negligence (Counts II and III), agency (Count IV), intentional infliction of emotional distress (Count V), negligent infliction of emotional distress (Count VI), invasion of privacy (Count VII), and breach of duty (Count VIII). Plaintiff John Doe admits that he was an adult at the time the present Complaint was filed. (See paragraph 3 of plaintiffs' Complaint).

Plaintiffs' causes of action as described above are based upon certain allegations involving plaintiff John Doe's time while a student at St. Gregory's Academy and while a postulant with the defendant Society of St. John. (See paragraphs 35 and 38 of plaintiffs' Complaint). It is unclear from plaintiffs' Complaint whether plaintiff John Doe was a minor during all of the events alleged. Nonetheless, the last series of allegations, as set forth in plaintiffs' Complaint supporting plaintiffs' various claims, allegedly occurred in the "Fall of 2000". (See paragraph 38 of plaintiffs' Complaint). There are no allegations in plaintiffs' Complaint that parent plaintiffs John Doe, Sr. and Jane Doe were present for any of the alleged acts that form the basis of

Plaintiffs' Complaint, nor are there any allegations that parent plaintiffs sustained any physical harm or injury.

III.   STATEMENT OF QUESTIONS INVOLVED

   A. Whether all parent plaintiffs' claims should be dismissed for failure to state a claim upon which relief can be granted?
   B. Whether plaintiffs' claims for invasion of privacy and breach of duty should be dismissed for failure to state a claim upon which relief may be granted?

IV.   LEGAL STANDARD

A motion to dismiss tests a complaint's legal sufficiency. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3rd Cir. 1993). A claim may be dismissed when the facts pled and the reasonable inferences drawn there from are legally insufficient to support the relief sought. Spencer v. Steinman, 968 F. Supp. 1011, 1017 (E.D. Pa. 1997). While the moving Defendants vigorously deny the outrageous and defamatory allegations contained in the Complaint, Defendants recognize at this juncture that this Court must "take all well-pleaded allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the pleadings, the plaintiff may be entitled to relief." Colburn v. Upper Darby Township,

838 F.2d 663, 665-66 (3rd Cir. 1988), cert. denied, 489 U.S. 1065 (1989). Nonetheless, plaintiffs must set forth the facts supporting their claims, and cannot rely exclusively on "conclusory allegations of law, unsupported conclusions and unwarranted inferences." Omnipoint Communications, Inc. v. Penn Forest Township, 42 F. Supp. 2d 493, 501 (M.D. Pa. 1999) (citing Pennsylvania House, Inc. v. Barrett, 760 F. Supp. 439, 449-450 (M.D. Pa. 1991)).

Plaintiffs' Complaint fails, in part, to state claims upon which relief may be granted. Accordingly, the following causes of action in plaintiffs' Complaint should be dismissed as a matter of law.

V.  ARGUMENT

   A. PLAINTIFF PARENTS HAVE NO STANDING TO PRESENTLY ASSERT CLAIMS FOR TORTS ALLEGEDLY COMMITTED UPON THEIR SON

   The law in Pennsylvania on the issue of when parents are entitled to sue for injuries sustained to their children has been addressed on numerous occasions. The law is as follows:

> Under Pennsylvania law, personal injury to a minor gives rise to two separate and distinct causes of action, one, the parent's claim for medical expenses and loss of the minor's services during minority, the other, the minor's claim for pain and suffering and losses after minority.

Apiscella v. Valley Forge Military Academy, 630 F. Supp. 20 (E.D. Pa. 1985), quoting, Olivieri v. Adams, 280 F. Supp. 428 (E.D. Pa. 1968) (other citations omitted). The Pennsylvania Supreme Court in Schmidt v. Kratzer, 402 Pa. 630, 168 A.2d 585 (1961) explained the law in this manner:

> The minor Plaintiff is entitled to damages for pain and suffering and probable loss of earnings after he reaches his majority while his parents are entitled to damages for medical expenses they have incurred and will incur because of their son's injury and for their loss of his services during minority. Id. At 635.

In Pennsylvania a minor is an individual under the age of 18, and any person who is 18 years or older has reached the age of majority and is regarded by this Commonwealth as an adult. Brower v. City of Philadelphia, 557 A.2d 48, 50 (Pa. Cmwlth. 1989). Thus, since John Doe was at least 18 years old at the time this action was commenced, only he had capacity to sue under Fed.R.Civ.P. 17(b) and Pennsylvania substantive law.

In the present case, according to the heading of each cause of action in the Complaint, it is clear that plaintiffs John Doe, Sr. and Jane Doe are seeking damages for injuries allegedly sustained by their son. Simply stated, even if John Doe did sustain injuries during his minority, John Doe, Sr. and Jane Does' claim is limited to a single claim for medical expenses incurred for treatment of the minor's injuries and loss of financial services during the time of minority. Stated another way, parent plaintiffs have cited no facts or allegations that would support claims

for assault and battery, negligence, agency, negligent and/or intentional infliction of emotional distress, invasion of privacy and breach of duty on *their* behalf. Therefore, defendants' motion to dismiss parent plaintiffs' claims (as set forth in Counts I through VIII) should be granted.

> B. PARENT PLAINTIFFS HAVE NO CLAIMS FOR NEGLIGENT AND/OR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

The tort of outrageous conduct causing severe emotional distress is outlined in Section 46 of the Restatement (Second) of Torts as follows:

> (1) One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm.
>
> (2) Where such conduct is directed at a third person, the actor is subject to liability if he intentionally or recklessly causes severe emotional distress.
>
> > (a) to a member of such person's immediate family who is present at the time, whether or not such distress results in bodily harm, or
> >
> > (b) to any other person who is present at the time, if such distress results in bodily harm.

As previously stated, it is apparent, based upon a reading of plaintiffs' Complaint that parent plaintiffs have themselves asserted a claim for intentional infliction of emotional distress under Section 46(2).

-6-

(See plaintiffs' Fifth Cause of Action). To establish a claim under Section 46(2), plaintiff must demonstrate: (1) outrageous conduct by the actor; and (2) that they were present at the time the conduct occurred. Johnson v. Caparelli, 425 Pa.Super. 404, 412, 625 A.2d 668, 671 (1993). The Pennsylvania Supreme Court has further added the requirement of physical injury or harm. Id. (citing Kazatsky v. King David Memorial Park, 515 Pa. 183, 197, 527 A.2d 988, 995 (1987). With respect to plaintiffs' claim neither the presence requirement or the physical injury requirement is satisfied. There are no allegations that parent plaintiffs were present for any of the alleged activity or any allegations that parent plaintiffs suffered a physical injury or harm.

Courts have consistently held that the individual suffering the distress must be present when the outrageous conduct directed at the third person occurs. Baker v. Morjon, Inc., 393 Pa.Super. 409, 413-14, 574 A.2d 676, 678 (1990); Daughen v. Fox, 372 Pa. Super. 405, 411-12, 539 A.2d 858, 861 (1988). The reasoning behind the presence requirement is the following:

> Presence is a crucial element of the tort because an individual who witnesses outrageous or shocking conduct directed at a third-party has no time in which to prepare himself/herself for the immediate emotional impact of such conduct. Moreover, the actor can reasonably be expected to know of the emotional effect which his or her conduct is likely to produce where the person is present. By way of comparison, the emotional effects are generally lessened where the individual learns of

>           the outrageous conduct long after its occurrence
>           and by means other than through his or her own
>           personal observations. Presence is therefore an
>           essential element that must be established to
>           successfully set forth a cause of action for
>           intentional infliction of emotional distress.

Johnson, 425 Pa. Super. at 415-16, 625 A.2d at 673.

Since parent plaintiffs were not present when the alleged injurious conduct occurred, and since parent plaintiffs did not suffer and physical injury or harm, parent plaintiffs are unable to maintain their claim for intentional infliction of emotional distress.

Parent plaintiffs have also asserted a claim for negligent infliction of emotional distress. (See plaintiffs' Sixth Cause of Action). Liability for negligent infliction of emotional distress turns on whether the injury was a reasonably foreseeable result of defendant's negligence. Restatement (Second) of Torts, Sections 313, 436A. See also Armstrong v. Paoli Memorial Hospital, 430 Pa. Super. 36, 43, 633 A.2d 605, 608 (1993). Pennsylvania adopted the forseeability test of Sinn v. Burd, 486 Pa. 146, 404 A.2d 672 (1979). This test is that the infliction of emotional distress is reasonably foreseeable when the plaintiff was located near the scene of the accident; when the shock resulted from a direct emotional impact upon the plaintiff from the sensory and contemporaneous observance of the accident; and when the plaintiff and victim were closely related. Id.; Mazzagatti v.

Everingham by Everingham, 512 Pa. 266, 276, 516 A.2d 672, 677 (1986); Armstrong, 430 Pa. Super. at 46, 633 A.2d at 610. This "bystander" rule is similar to the presence requirement for the claim of intentional infliction of emotional distress. Therefore, because parent plaintiffs were not physically present at the time the injuries were allegedly inflicted, they are also unable to proceed on their claim for negligent infliction of emotional distress.

### C. PLAINTIFFS HAVE NO CLAIM FOR BREACH OF DUTY (IN LOCO PARENTIS)

Plaintiffs have asserted a claim for breach of duty (in loco parentis) and have alleged that defendants were "acting in loco parentis, and in whom was placed Plaintiff's confident and trust, owed a duty to Plaintiff to take care of, and act in the best interest of Plaintiff." (See plaintiffs' Eighth Cause of Action, paragraph 89). It is apparent that plaintiffs are attempting to assert a claim for negligent supervision. Defendants maintain that Count VIII of plaintiffs' Complaint, is subsumed within Counts II and III, and as such it is unnecessary. Even if not embraced by Counts II and III, defendants maintain there is no recognized cause of action for negligent supervision under the facts at bar. Although Pennsylvania has recognized a cause of action for negligent supervision of a minor child by a parent in

limited circumstances, it has limited that theory of liability to a parent's negligent supervision of his or her own child. See <u>Miller by Miller v. Leljedal</u>, 455 A.2d 256, 259-60 (Pa.Cmwlth. 1983); <u>Barrie v. Liquor Control Board</u>, 586 A.2d 1017, 1019 (Pa. Cmwlth. 1991). In any event, plaintiffs' tort fails for the same reasons set forth above and request that Count VIII be dismissed in its entirety as to all plaintiffs.

### D. PLAINTIFFS HAVE NO CLAIM FOR INVASION OF PRIVACY BECAUSE THEY FAILED TO COMMENCE THEIR ACTION WITHIN THE APPLICABLE STATUTE OF LIMITATIONS

Pennsylvania has a one year statute of limitations for libel and invasion of privacy suits. 42 Pa.C.S. Section 5523(1). Under the method of computing periods of limitation generally, "the time within which a matter must be commenced under this chapter shall be computed...from the time the cause of action accrued..." 42 Pa.C.S. Section 5502 (a). <u>Bradford v. American Media Operations</u>, 882 F.2d 1508, 1514 (E.D. Pa. 1995). The limitation period begins to run from the date of the final significant event necessary to make a claim actionable. <u>Merv Swing Agency, Inc. v. Graham Co.</u>, 579 F. Supp. 429, 430 (E.D. Pa. 1983).

It is clear based upon a fair reading of plaintiffs' Complaint the date of the final significant event occurred sometime in the Fall of 2000. (See paragraphs 38 and 39 of plaintiffs' Complaint). However,

plaintiffs did not commence their suit until March 20, 2002. Accordingly, the applicable date on which plaintiffs' claim expired would have been sometime in the fall of 2001. As such, this Court should dismiss plaintiffs' Count VII (Invasion of Privacy) as to all plaintiffs.

VI. CONCLUSION

For the reasons set forth above, this Court should grant the relief requested in defendants' proposed Order and dismiss all of parent/plaintiffs' claims asserted in Counts I through VIII of the Complaint, and dismiss plaintiff John Doe's claims asserted in Counts VII and VIII.

Respectfully submitted,

FOLEY, COGNETTI, COMERFORD
& CIMINI

BY: _____
VINCENT S. CIMINI, ESQ.
SAL COGNETTI, JR., ESQ.
Attorneys for Defendants
Father Eric Ensey, Father
Carlos Urrutigoity and the
Society of St. John

507 Linden St.
Suite 700
Scranton, PA  18503
570-346-0745

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing BRIEF IN SUPPORT OF MOTION TO DISMISS was served upon counsel of record herein by first class, United States mail, postage prepaid, on the 15th day of August, 2002 in the instant action addressed as follows:

Douglas A. Clark, Esq.
The Ritz Building
222 Wyoming Avenue
Scranton, PA  18503
(Counsel for Plaintiffs)

Joseph O'Brien, Esq.
OLIVER, PRICE & RHOADES
1212 S. Abington Road
P. O. Box 240
Clarks Summit, PA  18411
And
James O'Brien, Esq.
538 Spruce Street, Suite 504
Scranton, PA  18503
(Both are counsel for
Diocese of Scranton
And Bishop James C. Timlin)

Joseph F. Leeson, Jr., Esq.
LEESON & LEESON
70 East Broad Street
P. O. Box 1426
Bethlehem, PA  18016
(Counsel for Priestly Fraternity of Saint Peter
and Saint Gregory's Academy)

FOLEY, COGNETTI, COMERFORD
& CIMINI

BY: _____
VINCENT S. CIMINI, ESQ.

507 Linden Street
700 Scranton Electric Bldg.
Scranton, PA  18503
570-346-0745