


FILED
SCRANTON

OCT - 1 2002

PER ~~~~~
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN DOE, JOHN DOE, SR. and :
JANE DOE, :
            Plaintiffs :
             : No. 3:CV 02-0444
  vs. :
             :
FATHER ERIC ENSEY, FATHER CARLOS : (JONES, D.J.)
URRUTIGOITY, DIOCESE OF SCRANTON, : (MANNION, M.J.)
BISHOP JAMES C. TIMLIN, THE :
SOCIETY OF ST. JOHN, THE PRIESTLY :
FRATERNITY OF ST. PETER, and : JURY TRIAL DEMANDED
ST. GREGORY'S ACADEMY, :
            Defendants :

### PLAINTIFF'S BRIEF IN OPPOSITION TO THE MOTION TO DISMISS OF DEFENDANTS' SOCIETY OF ST. JOHN, ENSEY AND URRUTIGOITY

NOW COME the Plaintiffs John Doe, John Doe, Sr. and Jane Doe, by and through counsel, James M. Bendell, Esquire, Douglas A. Clark, Esquire and Harry T. Coleman, Esquire, and hereby file the instant Brief in Opposition to the Motion to Dismiss filed by the Defendants Father Eric Ensey, Father Carlos Urrutigoity and the Society of St. John pursuant to United States District Court for the Middle District of Pennsylvania Local Rule 7.6 submits the following:

#### I.   BACKGROUND

Pending before your Honor is a Motion to Dismiss filed by

Defendants Father Eric Ensey, Father Carlos Urrutigoity and the Society of St. John. The Plaintiff's Complaint was filed on March 20, 2002 against the moving Defendants as well as the Diocese of Scranton, Bishop Timlin, the Priestly Fraternity of St. Peter and St. Gregory's Academy.

The Complaint is brought by the Plaintiff John Doe, presently an adult resident of the State of North Carolina, as well as his parents John Doe, Sr. and Jane Doe, also residents of the State of North Carolina.

The Plaintiff, John Doe, a minor at the time, began to attend St. Gregory's Academy at the commencement of the 1995-1996 academic year (Complaint Paragraph 30). It was during the Plaintiff's junior year at St. Gregory's, the fall of 1997, that members of the Society of St. John arrived at the Academy.

Count I of the Complaint by the Plaintiff is a count sounding in assault and battery. It specifically alleged that during the Plaintiff John Doe's minority and while a student at St. Gregory's Academy, Father Eric Ensey coerced the Plaintiff into engaging in various homosexual acts (Complaint Paragraph 36). It is further asserted that Father Urrutigoity directed inappropriate homosexual contact to the Plaintiff (Complaint Paragraph 39).

The second count of the Plaintiffs' Complaint asserts a

claim of negligence against the moving Defendant Society of St. John as well as Bishop James C. Timlin and the Diocese of Scranton.

In the fifth cause of action, the Plaintiffs assert a claim of intentional infliction of emotional distress against all Defendants as a result of the complained of conduct.

In the sixth cause of action, the Plaintiffs assert a claim of negligent infliction of emotional distress against all Defendants as a result of the complained conduct.

In the seventh count of the Complaint, the Plaintiffs assert a claim for invasion of privacy against Defendants Ensey and Urrutigoity.

Finally, in the eighth count of the Complaint, the Plaintiff parents assert a claim for breach of duty "in loco parentis" against all Defendants.

The Defendants have filed a Motion to Dismiss asserting a general allegation that all claims should be dismissed for failure to state a claim upon which relief can be granted. Additionally, the moving Defendants assert the Plaintiffs' claim for invasion of privacy and breach of duty should be dismissed for failure to state a claim upon which relief may be granted (see moving Defendants' Brief in Support of Motion to Dismiss Section III, Statement of Questions Involved).

-3-

Specifically, the Defendants assert the Plaintiff parents have no standing to presently assert claims for torts allegedly committed up their son or a claim for negligent and/or intentional infliction of emotional distress. The Defendants further argue that the Plaintiffs have no claim for breach of duty "in loco parentis" and that the invasion of privacy claim is barred by the applicable statute of limitations.

## II. STANDARD OF REVIEW

The purpose of a Motion to Dismiss for failure to state a claim is to test a legal sufficiency of the allegations contained in the Complaint. Kost v. Kozakiewicz. 1 F.3d 176, 183 (3rd Cir. 1993). Under Rule 12(b)(6), the Court must determine whether the allegations contained in the Complaint, construed in the light most favorable to the Plaintiff, show a set of circumstances which, if true, would entitle Plaintiff to the relief he requests. Gibbs v. Roman, 116 F.3d 83, 86 (3rd Cir. 1997) (citing Nami v. Fauver, 82 F.3d 63, 65 (3rd Cir. 1996)). A Complaint will be dismissed only if the plaintiff could not prove any set of facts which would entitle him to relief. Nami, 82 F.3d at 65 (citing Conley v. Gibson, 335 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

## III. ARGUMENT

**SHOULD THE PLAINTIFF PARENTS' CLAIMS BE DISMISSED WHERE THE**

**ALLEGATIONS OF THE COMPLAINT CLEARLY INDICATE THAT SEXUAL ASSAULTS HERE OCCURRED DURING THE MINORITY OF THEIR SON, THE PLAINTIFF JOHN DOE?**

**SUGGESTED ANSWER: IN THE NEGATIVE.**

It is readily conceded that under Pennsylvania Law, the Plaintiff parents here can not assert a claim for loss of filial consortium. <u>Van Steamburg v. Sclar</u>, 676 F.Sup.579(M.D.Pa.1987).

The Plaintiff John Doe, during his minority is entitled to damages for pain and suffering and probable loss of earning after he reaches his majority and the Plaintiff parents are entitled to damages for medical expenses that they have incurred and will incur because of the minor's injury. The minor Plaintiff John Doe was incompetent, legally speaking, to advance a claim during his minority.

The moving Defendants agree with this assertion on pages 5 and 6 of their Memorandum of Law wherein they argue "simply stated, even if John Doe did sustain injuries during his minority, John Doe, Sr. and Jane Doe's claim is limited to a single claim for medical expenses incurred for treatment of the minor's injuries and loss of financial services during the time of minority.

With regard to the moving Defendants' argument that the parent Plaintiffs have cited no facts or allegations that would support claims for assault and battery, negligence, agency,

-5-

negligent and/or intentional infliction of emotional distress invasion of privacy or breach of duty on **their** behalf, said argument is misguided. Nowhere in the Complaint do the parents ever assert that they sustained any type of injuries that would support the afore-referenced claims. Rather, it is made clear throughout the Complaint that some of the inappropriate sexual conduct alleged against the Defendants occurred to the minor Plaintiff during the period of his minority. As such, the parents are bringing the claims on behalf of their minor son for those periods of time in which these horrible events occurred during their son's minority.

With regard to the argument advanced by the Defendants that it is apparent that Plaintiffs have no claim for negligent and/or intentional infliction of emotional distress, as set forth above, same is conceded. The parents only are asserting those claims on behalf of their minor child for those sexual assaults that occurred during John Doe's minority.

It is respectfully requested that the Defendants' Motion to Dismiss the Plaintiffs' Complaint for failing to state a cause of action upon which relief may be granted be dismissed.

**HAVE THE PARENTS STATED A VALID CLAIM AGAINST THE DEFENDANTS FOR BREACH OF DUTY (IN LOCO PARENTIS)?**

**SUGGESTED ANSWER: IN THE AFFIRMATIVE.**

The Defendants readily concede that argue that Pennsylvania has recognized the cause of action for negligent supervision of a minor child by a parent in limited circumstances and it has limited that theory of liability to a parents' negligent supervision of his or her own child.

*Barron's Law Dictionary Third Edition* sets forth the following "[A]ccording or according to which generally accepted common law meaning, refers to a person who has put himself in the situation of a lawful parent by assuming the obligation incident to the parental relation without going through the formalities necessary to legal adoption . . . The term is commonly used with a reference to the relationship between the minor and residential institution such as a boarding school." *Barron's Law Dictionary*, 1991, P. 238.

Pennsylvania law has, since 1911, explicitly vested school officials with authority "in loco parentis" over students. See 24 Pa. Stat. Ann. Section 13-13.7 (Purdens Supp.1988).

The duty owed by a school official to protect students from the tortuous or criminal conduct of teachers has long been established in the common law. See W. Keeton, *Prossor and Keeton on the Law of Torts*, Section 56, at 383(5th Ed. 1984).

Consequently, it is respectfully submitted that the Plaintiffs have asserted a proper breach of duty claim against

the Defendants as a result of their "in loco parentis" status relative to the Plaintiff John Doe.

### IV.  CONCLUSION

For all of the foregoing reasons, it is respectfully submitted that the Defendant's Motion to Dismiss be denied and the Plaintiff's readily concede that the invasion of privacy claim here is barred by the applicable statute of limitations.

Respectfully submitted,

_____
Douglas A. Clark, Esquire
The Ritz Building
222 Wyoming Avenue
Scranton, PA 18503
Co-Counsel for Plaintiffs


LAW OFFICES OF HARRY T. COLEMAN

By: _____
Harry T. Coleman, Esquire
Attorney I.D. No. 49137
148 Adams Avenue
Scranton, PA 18503
(570) 558-6680
Co-Counsel for Plaintiffs