

RB 1/13/03

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN DOE, JOHN DOE, SR. and JANE DOE, | : | **CIVIL NO. 3:02-CV-0444** |
| | : | |
| Plaintiffs | : | (Judge Jones) |
| | : | |
| v. | : | (Magistrate Judge Smyser) |
| | : | |
| FATHER ERIC ENSEY, FATHER CARLOS URRUTIGOITY, DIOCESE OF SCRANTON, BISHOP JAMES C. TIMLIN, THE SOCIETY OF ST. JOHN, THE PRIESTLY FRATERNITY OF ST. PETER and ST. GREGORY'S ACADEMY, | : : : : : : | **FILED** **HARRISBURG** JAN 1 3 2003 MARY E. D'ANDREA, CLERK Per_____ DEPUTY CLERK |
| Defendants | : | |

**REPORT AND RECOMMENDATION**

The plaintiffs commenced this action by filing a complaint on March 20, 2002.  Plaintiff John Doe is an adult resident of North Carolina.  Plaintiffs John Doe, Sr. and Jane Doe are John Doe's parents.  The defendants named in the complaint are Father Eric Ensey, Father Carlos Urrutigoity, the Diocese of Scranton, Bishop James C. Timlin, the Society of Saint John, the Priestly Fraternity of Saint Peter and St. Gregory's academy.  The plaintiffs claim that while plaintiff John Doe was a minor and a student at Saint Gregory's Academy he was sexually molested.

AO 72A
(Rev.8/82)

The complaint contains eight counts.  All counts in the complaint are asserted by all three plaintiffs.  Count I alleges assault and battery, Counts II and III negligence, Count IV agency, Count V an intentional infliction of emotional distress, Count VI a negligent infliction of emotional distress, Count VII an invasion of privacy and Count VIII a breach of duty.

The court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332.

On June 27, 2002, defendants the Priestly Fraternity of St. Peter and St. Gregory's Academy filed an answer to the complaint.  On September 5, 2002, defendants Timlin and the Diocese of Scranton filed an answer to the complaint.

On August 15, 2002, defendants Ensey, Urrutigoity and the Society of St. John filed a motion to dismiss all counts brought by plaintiffs John Doe, Sr. and Jane Doe and to dismiss counts VII and VIII brought by plaintiff John Doe.   Also on August 15, 2002, the moving defendants filed a brief in support of their motion to dismiss.  On October 1, 2002, the

AO 72A
(Rev.8/82)

plaintiffs filed a brief in opposition to the motion to dismiss.   No reply brief has been filed.

By an Order dated December 18, 2002, Judge Jones referred this case to the undersigned for pretrial proceedings. A case management conference is scheduled for February 7, 2003.

This Report and Recommendation addresses the pending motion to dismiss.

The moving defendants ask the court to dismiss all claims brought by John Doe, Sr. and Jane Doe, parents of John Doe, and to dismiss Counts VII and VIII brought by plaintiff John Doe, on the grounds that these claims fail to state a claim upon which relief can be granted.

The defendants argue that no actionable claim is stated by the parents because there is no allegation of their presence during the commission of torts against their son such as to support claims on their part for the negligent or the intentional infliction of emotional distress and because John Doe had attained the age of majority by the time this complaint was filed.

3

Addressing first the argument that claims by the parents should be dismissed because the son was no longer a minor when the complaint was filed, the argument should be rejected because the facts and the law do not support the argument.  The defendants set forth the law of Pennsylvania as being that:

> ...personal injury to a minor gives rise to two separate and distinct causes of action, one, the parent's claim for medical expenses and loss of the minor's services during minority, the other, the minor's claim for pain and suffering and losses after minority.

They have cited *Apiscella v. Valley Forge Military Academy*, 630 F. Supp. 20 (E.D. Pa. 1985); *Olivieri v. Adams*, 280 F. Supp. 428 (E.D. Pa. 1968); and *Schmidt v. Kratzer*, 402 Pa. 630 (1961).  From this statement of the law, the defendants advance to the argument that since John Doe had reached the age of majority by the time that this complaint was filed, the parents no longer had the capacity to sue.  The defendants argue that the claim of John Doe, Sr. and Jane Doe "is limited to a single claim for medical expenses incurred for treatment of the minor's injuries and loss of financial services during the time of minority."  The defendants at this juncture thus plainly have changed focus from the stating of a claim to the standard or measure of damages.

4

The complaint does not fail to state a claim upon which relief can be granted as to the claims brought by John Doe, Sr. and Jane Doe brought in the capacity of the parents of John Doe for medical expenses and loss of services arising from alleged torts committed against John Doe during the period of time that John Doe was a minor.

The brief for the plaintiffs clearly states that the plaintiffs John Doe, Sr. and Jane Doe do not claim a right to recover in their own capacities for either the negligent or the intentional infliction of emotional distress upon them arising from alleged torts committed against John Doe, but rather that they claim a right to recover as parents for medical expenses arising from, and for the loss of their child's services arising from, the negligent and the intentional infliction of emotional distress upon John Doe while John Doe was a minor.

The defendants argue that Count VIII should be dismissed on the basis that this breach of duty, or *in loco parentis*, claim is not an actionable claim under the law of Pennsylvania.   The plaintiffs in response to this argument by the defendants have failed to demonstrate any explicit or judicially recognized basis in Pennsylvania law for a separate

5

AO 72A
(Rev.8/82)

and independent cause of action in favor of the supervised
minor and against the teacher or the school for a negligent
failure to exercise the parental duties correctly or properly.
As the defendants note, Counts II and III of the complaint
stating negligence claims subsume the Count VIII theory of a
breach of an *in loco parentis* duty of the teacher or school to
the child or student for injuries to the student arising from
the negligence of the school's employees.  We agree with the
defendants that Count VIII should be dismissed.  It will be so
recommended.

The argument for the dismissal of Count VII is that the
one-year statute of limitations has expired as to the invasion
of privacy claim.  The plaintiffs concur in the dismissal of
Count VII, agreeing that the statute of limitations as to the
conduct alleged in that Count has expired.  It will be
recommended that the motion to dismiss the complaint be granted
as to Count VII.

It is recommended that the motion (doc. 13) of the
moving defendants to dismiss the complaint be denied as to all
but Counts VII and VIII of the complaint and that the motion be
granted as to Counts VII and VIII of the complaint.  It is also

6

recommended that the case be remanded to the undersigned for further proceedings.

                                        J. Andrew Smyser
                                        Magistrate Judge

Dated:   January  13 , 2003.

AO 72A
(Rev.8/82)

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN DOE, JOHN DOE, SR. and : **CIVIL NO. 3:02-CV-0444**
JANE DOE, :
            :
            Plaintiffs : (Judge Jones)
            :
           v. : (Magistrate Judge Smyser)
            :
FATHER ERIC ENSEY, FATHER :
CARLOS URRUTIGOITY, DIOCESE OF :
SCRANTON, BISHOP JAMES C. : **FILED**
TIMLIN, THE SOCIETY OF : HARRISBURG
ST. JOHN, THE PRIESTLY :
FRATERNITY OF ST. PETER and : JAN 1 3 2003
ST. GREGORY'S ACADEMY, :
            : MARY E. D'ANDREA, CLERK
            Defendants : Per_____
            : DEPUTY CLERK

## NOTICE

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3 of the Rules of Court, M.D.Pa., which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. §636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition **within ten (10) days** after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

J. Andrew Smyser
Magistrate Judge

Dated: January 13, 2003.

AO 72A
(Rev.8/82)