

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN DOE, JOHN DOE SR. and : 
JANE DOE : CIVIL ACTION NO. 02 CV0444
      Plaintiffs : (Judge Jones)
     : (Magistrate Judge Smyser)
    v. :
FATHER ERIC ENSEY, FATHER :
CARLOS URRUTIGOITY, :
DIOCESE OF SCRANTON, :
BISHOP JAMES C. TIMLIN, THE :
SOCIETY OF ST. JOHN, THE :
PRIESTLY FRATERNITY OF ST. :
PETER, and ST. GREGORY'S :
ACADEMY, :
      Defendants :

ORDER

February 4, 2003

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On March 20, 2000, Plaintiffs filed this action against the above named Defendants. The Plaintiffs claim that while John Doe[1] was a minor and student at Saint Gregory's Academy he was sexually molested. The complaint contains counts for assault and battery (Count I), negligence (Counts II and III), agency (Count IV), intentional and negligent infliction of emotional distress (Counts V

---

[1] John Doe is currently an adult and resides in the state of North Carolina. This court has jurisdiction pursuant to 28 U.S.C. §1332.

1

and VI), invasion of privacy (Count VII) and breach of duty (Count VIII).

The Clerk of Court originally assigned responsibility for this case to Chief Judge Thomas Vanaskie. The case was later referred to Magistrate Judge J. Andrew Smyser for preliminary consideration.

On June 27, 2002, the Defendants Priestly Fraternity of St. Peter and St. Gregory's Academy filed an answer to the complaint. On September 5, 2002, Defendant Bishop Timlin and the Diocese of Scranton filed their answer to the complaint.

On August 15, 2002, Defendants Ensey, Urrutigoity and the Society of St. John filed a motion to dismiss all counts brought by John Doe Sr. and Jane Doe and to dismiss Counts VII and VIII brought by John Doe. This motion has been briefed and is ready for disposition.

On August 19, 2002, Chief Judge Vanaskie issued an order which transferred responsibility of this case to the undersigned. We issued an Order on December 18, 2002 which referred this case to Magistrate Judge Smyser for pre-trial proceedings[2]. This order will address the pending motion to dismiss.

Magistrate Judge Smyser filled his report and recommendation addressing the motion to dismiss on January 13, 2003. Magistrate Symser's report and

---

[2] A case management conference is scheduled for February 7, 2003.

recommendation reflected his determinations that the motion to dismiss be denied as to all but Counts VII[3] and VIII of the complaint. Magistrate Smyser's reasoning for the dismissal of Count VIII, is that Counts II and III subsume the Count VIII theory of a breach of an *in loco parentis* duty of the teacher or school to the child or student for injuries to the student arising from the negligence of the school's employees.

Objections to the report and recommendation were due on January 31, 2003 and to this date none have been filed.

When no objections are filed to a report and recommendation of a Magistrate Judge we need only review that report as we in our discretion deem appropriate. Thomas v. Arn, 474 U.S. 145, 151-52 (1985).

Based upon our review of the complaint and the arguments submitted by the parties, we agree with Magistrate Judge Smyser that Counts II and III subsume Count VIII. Because we were not presented with any argument to persuade us otherwise, we will adopt Magistrate Judge Smyser's report and recommendation in toto. We will dismiss Counts VII and VIII of the complaint.

NOW, THEREFORE, THE FOLLOWING ORDER IS ENTERED:

---

[3] The Plaintiffs concur in the dismissal of Count VII. All parties agree that the one year statute of limitations for that claim has expired.

1. The report and recommendation of Magistrate Judge Smyser is adopted in toto.

2. Defendants Ensey, Urrutigoity, and the Society of St. John's motion to dismiss is granted in part and denied in part.

3. Count VII and VIII of Plaintiffs' complaint are dismissed.

 

_____
John E. Jones III
United States District Judge