

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN DOE, JOHN DOE, SR. and          :
JANE DOE,                            :
                    Plaintiffs       :
                                     :     No. 3:02-0444
        vs.                          :
                                     :
FATHER ERIC ENSEY, FATHER CARLOS     :     (JONES, D.J.)
URRUTIGOITY, DIOCESE OF SCRANTON,    :     (SYMSER, M.J.)
BISHOP JAMES C. TIMLIN, THE          :
SOCIETY OF ST. JOHN, THE PRIESTLY    :
FRATERNITY OF ST. PETER, and         :     JURY TRIAL DEMANDED
ST. GREGORY'S ACADEMY,               :
                    Defendants       :

FILED
SCRANTON

FEB - 6 2003

## JOINT CASE MANAGEMENT PLAN

Conference per Local Rule 16.3: August 26, 2002

I.    PRINCIPAL ISSUES:

1.10 Specifically for each party, please give a statement
     summarizing this case:

     By Plaintiffs:

        The minor Plaintiff herein John Doe was a student at St.
Gregory's Academy beginning in the 1995-1996 academic year.  During
the Plaintiff's junior year at St. Gregory's, members of the
Society of St. John arrived at the Academy.  Defendants Ensey and
Urrutigoity sexually assaulted the minor Plaintiff.  Negligence
is asserted against Bishop Timlin, the Diocese of Scranton, the
Fraternity of St. Peter and St. Gregory's Academy.

     By Defendants:

     1.11 SSJ, Ensey and Urrutigoity: The Defendants deny the
          Plaintiffs' allegations and assert that Plaintiff was
          not sexually assaulted by either Defendants Ensey or
          Urrutigoity.

Defendant Timlin denies any liability on his part.

PFSP and SGA: The Defendants, PFSP and SGA deny that any sexual assaults occurred on the premises of St. Gregory's Academy and deny allegations of negligence against them.

**The principal factual issues that the parties dispute are:**

1.12

**agree** upon are:

1.21

**1.30 The principal legal issues that the parties**

**dispute** are:

1.31.


**agree** upon are:

1.40 None.

1.50 Identify any unresolved issues as to service or process, personal jurisdiction, subject matter jurisdiction, or venue:

None.

1.60 Identify any named parties that have not yet been served:

None.

1.70 Identify an additional parties that:

plaintiff intends to join:

None at present.

defendants intend to join:

1.80 Identify any additional claims that:
plaintiffs intend to add:

None at present.

defendants intend to add:


2.0 **Alternative Dispute Resolution**

2.10 Identify any ADR procedure to which this case already
has been assigned or which the parties have agreed to
use.

ADR procedure:       None

Date ADR to be commenced:    _____
Date ADR to be completed:    _____

2.20 If the parties have been unable to agree on an ADR
procedure, but one or more parties believes that the
case is appropriate for such a procedure, identify the
party or parties that recommend ADR and the specific
ADR process recommended:


2.30 If all parties share the view that no ADR procedure
should be used in this case, set forth the basis for
that view.

Due to the factual and legal issues involved, the
parties agree that ADR is inappropriate.  The parties are aware
of the Mediation Program in the United States District Court for
the Middle District of Pennsylvania.

3.0 **Consent to Jurisdiction by a Magistrate Judge**

No.

4.0 **DISCLOSURES:**

4.100      Separately for each party, list by name and
title/position each person whose identity has been
disclosed:

By the Plaintiffs:

Name

| | |
|---|---|
| 4.101 | John Doe |
| 4.102 | John Doe, Sr. |
| 4.103 | Bishop James C. Timlin |
| 4.104 | Father Eric Ensey |
| 4.105 | Father Carlos Urrutigoity |
| 4.106 | PSP Trooper James Gilgallon |
| 4.107 | Lack. Co. Det. Thomas Dubas |
| 4.108 | PSP Trooper Weiss |
| 4.109 | Jude Huntz |
| 4.110 | Paul Hornak |
| 4.111 | Joseph Sciambra |
| 4.112 | Brother Alexis Bugnolo |
| 4.113 | Aux. Bishop John Dougherty |
| 4.114 | Millie Breedlove |
| 4.115 | Father Christopher Clay |
| 4.116 | Father Marshall Roberts |
| 4.117 | James B. Early |
| 4.118 | Alan Hicks |
| 4.119 | Father Paul Carr |
| 4.120 | Father Dominick Carey |
| 4.121 | Father Arnaud Devillers |

**4.151**      **Disclosed by Defendant**

**Society of St. John, Ensey and Urrutigoity:**

Father Carlos Urrutigoity Father, Eric Ensey and
Deacon Joseph Levine.

**Diocese and Bishop Timlin:** Bishop James C. Timlin

**PFSP and SGA:**

Allen Hicks, Headmaster - SGA
Father Paul Carr, Priest - PFSP
Father Arnaud Devillers, Priest - PFSP


**4.200**      **Separately for each party, describe by categories
the documents that have been disclosed or produced
through formal discovery, indicating which
categories relate to damages:**

**4.201**      **Categories of documents disclosed by Plaintiff**

-4-

| 4.202 | Records of St. Gregory's Academy (minor Plaintiff) |
|---|---|
| 4.203 | Records of Thomas Aquinas College |
| 4.204 | Records of Holly Hill/Charter Behavioral Health System |
| 4.205 | Records of Transitions Recovery |

**4.251   Categories of documents disclosed by Defendant**

**Society of St. John, Ensey and Urrutigoity:** Documents are currently being gathered for response to Plaintiff's discovery request.

**Bishop Timlin:** None.

**PFSP and SGA:** Documents are currently being gathered for response to Plaintiffs' discovery request.

4.300   Additional Documents Disclosures:

**By the Plaintiff:**

4.301 The Plaintiffs, upon receipt and review of all discoverable material, will disclose same to Defendants.

**4.400   Separately for each party who claims an entitlement to damages or an offset, set forth the computation of the damages or of the offset:**

**4.401   Plaintiff's calculation of damages:**

Plaintiffs will provide through discovery the amount of medical bills incurred as well as documentation on the minor's past and future lost wage claim.  The emotional distress and other related damages are not capable of liquidation.  Plaintiffs also seek punitive damages.

**4.402   Defendants' calculation of offset:**

**Society of St. John, Ensey and Urrutigoity:**

5.0  Motions

Identify any motion(s) whose early resolution would likely have a
significant effect either on the scope of discovery or other
aspects of this litigation:

| Nature of Motion | Moving Party | Anticipated Date |
|---|---|---|
| Motion for Summary Judgment | SSJ, Ensey and Urrutigoity | February, 2004 |
|  | Bishop James C. Timlin | February, 2004 |

6.0  Discovery

   6.10 Briefly describe any discovery that has been completed
        or is in progress:

   By Plaintiffs:

6.11 Plaintiffs have served written discovery upon
     Defendants and the Defendants have agreed to respond to
     said discovery. The parties also agree that their Rule
     26 Disclosures are to be provided.

   By Defendants:

   Society of St. John, Ensey and Urrutigoity:

   Defendants have served written discovery upon
   Plaintiffs and the responses will be forthcoming.

   Bishop James C. Timlin:    Interrogatories will be
   served on all parties.

   PFSP and SGA: Interrogatories and a Request for
   Production of Documents have been  served on
   Plaintiffs.

   6.20 Describe any discovery that all parties agree should be
        conducted indicating for each discovery undertaking its
        purpose or what kinds of information will be developed
        through it (e.g. "plaintiff will depose Mr. Jones,
        defendant's controller, to learn what defendant's
        revenue recognition policies were and how they were

-6-

applied to the kinds of contracts in this case"):

All parties and witnesses to this action will be deposed.

6.30 Describe any discovery that one or more parties want(s) to conduct but to which another party objects, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:

6.40 Identify any subject area limitations on discovery that one or more parties would like imposed, at the first stage of or throughout the litigation.

6.50 For each of the following discovery tools, recommend the per party or per side limitation (specify a number) that should be fixed, subject to an appropriate showing (where parties cannot agree, set forth separately the limits recommended by plaintiff(s) and by defendant(s).

6.51 depositions (excluding experts) to be taken by:

| | |
|---|---|
| Plaintiffs | 30 |
| Defendants | |
| SSJ, Ensey and Urrutigoity | 30 |
| PFSP and SGA | 10 maximum per FRCP |
| Bishop James C. Timlin | 10 |

6.52 interrogatories to be served by:

| | |
|---|---|
| Plaintiffs | 25 pursuant to LR 33.3 |
| Defendants | |
| SSJ, Ensey and Urrutigoity | 25 |
| PFSP and SGA | 25 maximum per FRCP |
| Bishop James C. Timlin | 10 |

6.53 document requests to be served by:

| | |
|---|---|
| Plaintiffs | 5 (sets) |
| Defendants | |
| SSJ, Ensey and Urrutigoity | 5 (sets) |

PFSP and SGA: not yet determined
Bishop James C. Timlin: not yet determined

**6.54 requests for admissions to be served by:**

| Plaintiffs | 25 pursuant to LR 36.1 |
|---|---|
| Defendants | |
| SSJ, Ensey and Urrutigoity | 25 |
| PFSP and SGA | 25 |
| Bishop James C. Timlin | 25 |

**6.60   All discovery commenced in time to be completed by:**

August 15, 2003 requested by Plaintiffs
October,  2003 requested by PFSP and SGA
October, 2003 requested by James C. Timlin

**6.70   Reports from retained experts due:**

June 1, 2003 requested by
Plaintiff
September 1, 2003 requested by
PFSP and SGA
October 1, 2003 - James C.
Timlin

**6.80      Supplementation due**

**7.0  Protective Order**

**7.11 If entry of a protective order is sought, attach to
this statement a copy of the proposed order.**

**7.12 If there is a dispute about whether a protective order
should be entered or about certain terms of the
proposed order, briefly summarize each party's position
below:**

**8.0  Certification of Settlement Authority (All parties shall
complete the certification)**

**FOR THE PLAINTIFFS:**

JAMES BENDELL, ESQUIRE
P.O. BOX 587
PORT TOWNSEND, WA 98368


FOR THE DEFENDANTS:

SSJ, ENSEY AND URRUTIGOITY:

SAL COGNETTI, JR., ESQUIRE
507 LINDEN STREET
SCRANTON, PA 18503


FOR PFSP AND SGA:

JOSEPH F. LEESON, JR., ESQUIRE
70 EAST BROAD STREET
BETHLEHEM, PA 18016


FOR BISHOP TIMLIN:

JAMES E. O'BRIEN, JR.
538 SPRUCE STREET
SCRANTON, PA 18503


## 9.0  Scheduling

9.10 **This case may be appropriate for trial in approximately**

_____ 240 days from the filing of this action in this Court.

_____ 365 days from the filing of this action in this Court.

_____ Days from the filing of the action in this Court.

**9.20 Suggested Date for Trial:**

<u>July, 2003</u> month/year requested by Plaintiffs

<u>September 15, 2003</u> requested by PFSP and SGA

<u>November, 2003</u> requested by Bishop Timlin

**9.30 Suggested Date for Pre-Trial Conference**

June 2003 month/year requested by Plaintiffs

September 1, 2003 requested by PFSP and SGA

September, 2003 requested by Bishop Timlin

**9.40 Final Date for Joining Additional Parties:**

July 15, 2003


**9.50 Final Date for Amending Pleading:**

July 15, 2003 Plaintiff(s)

January, 2004 requested by Defendants PFSP and SGA


**9.60 All potentially dispositive motions should be filed by:**

SSJ, Ensey and Urrutigoity: February, 2004

Bishop Timlin: September, 2003

## 10.  Other Matters

**Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of this matter.**



## 11.0 Identification of Lead Counsel:

Identify by name, address and telephone number lead counsel for each party

**FOR THE PLAINTIFFS:**

JAMES BENDELL, ESQUIRE
P.O. BOX 587
PORT TOWNSEND, WA 98368

DOUGLAS A. CLARK, ESQUIRE
222 WYOMING AVENUE
SCRANTON, PA 18503

HARRY T. COLEMAN, ESQUIRE
148 ADAMS AVENUE
SCRANTON, PA 18503

FOR THE DEFENDANTS
SOCIETY OF ST. JOHN,
ENSEY, URRUTIGOITY:

SAL COGNETTI, JR., ESQUIRE
VINCENT S. CIMINI, ESQUIRE
507 LINDEN STREET
SUITE 700
SCRANTON, PA 18503

FOR DEFENDANTS PFSP AND
SGA:

JOSEPH F. LEESON, JR., ESQUIRE
P.O. BOX 1426
BETHLEHEM, PA 18016-1426

-11-

SAL COGNETTI, JR., ESQUIRE
VINCENT S. CIMINI, ESQUIRE
507 LINDEN STREET
SUITE 700
SCRANTON, PA 18503

FOR DEFENDANTS PFSP AND
SGA:


JOSEPH F. LEESON, JR., ESQUIRE
P.O. BOX 1426
BETHLEHEM, PA 18016-1426


FOR THE DEFENDANTS DIOCESE OF
SCRANTON AND BISHOP JAMES C.
TIMLIN:


JOSEPH A. O'BRIEN, ESQUIRE
P.O. BOX 240
CLARKS SUMMIT, PA 18411


FOR THE DEFENDANTS THE
PRIESTLY FRATERNITY OF ST.
PETER AND ST. GREGORY'S
ACADEMY:


JOSEPH F. LEESON, JR., ESQUIRE
70 EAST BROAD STREET
BETHLEHEM, PA 18016

SAL COGNETTI, JR., ESQUIRE
VINCENT S. CIMINI, ESQUIRE
507 LINDEN STREET
SUITE 700
SCRANTON, PA 18503

FOR DEFENDANTS PFSP AND
SGA:

JOSEPH F. LEESON, JR., ESQUIRE
P.O. BOX 1426
BETHLEHEM, PA 18016-1426

FOR THE DEFENDANTS DIOCESE OF
SCRANTON AND BISHOP JAMES C.
TIMLIN:

JAMES E. O'BRIEN, JR., ESQUIRE
538 SPRUCE STREET
SCRANTON, PA 18503

FOR THE DEFENDANTS THE
PRIESTLY FRATERNITY OF ST.
PETER AND ST. GREGORY'S
ACADEMY:

JOSEPH F. LEESON, JR., ESQUIRE
70 EAST BROAD STREET
BETHLEHEM, PA 18016

-11-

FOR THE DEFENDANTS
SOCIETY OF ST. JOHN,
ENSEY, URRUTIGOITY:

SAL COGNETTI, JR., ESQUIRE
VINCENT S. CIMINI, ESQUIRE
507 LINDEN STREET
SUITE 700
SCRANTON, PA 18503

FOR DEFENDANTS PFSP AND
SGA:

JOSEPH F. LEESON, JR., ESQUIRE
P.O. BOX 1426
BETHLEHEM, PA 18016-1426

FOR THE DEFENDANTS DIOCESE OF
SCRANTON AND BISHOP JAMES C.
TIMLIN:

JOSEPH A. O'BRIEN, ESQUIRE
P.O. BOX 240
CLARKS SUMMIT, PA 18411

FOR THE DEFENDANTS THE
PRIESTLY FRATERNITY OF ST.
PETER AND ST. GREGORY'S
ACADEMY:

JOSEPH F. LEESON, JR., ESQUIRE
70 EAST BROAD STREET
BETHLEHEM, PA 18016