FILED
SCRANTON

DEC 0 4 2003

PER _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DOE, JOHN DOE, SR. and JANE DOE,<br><br>            Plaintiff,<br>vs.<br><br>FATHER ERIC ENSEY, FATHER CARLOS URRUTIGOITY, DIOCESE OF SCRANTON, BISHOP JAMES C. TIMLIN, THE SOCIETY OF ST. JOHN, THE PRIESTLY FRATERNITY OF ST. PETER and ST. GREGORY'S ACADEMY,<br><br>            Defendant. | Case No.: 3 CV 02-0444<br><br>Judge: Hon. Jones<br><br>PLAINTIFFS' MOTION TO RATIFY THE DEPOSITION OF MATTHEW SELINGER, THE DEPOSITIONS TAKEN THE WEEK OF NOVEMBER 10, 2003 AND TO PERMIT ADDITIONAL TELEPHONIC DEPOSITIONS |

The District Courts of the Ninth Circuit have taken a very liberal posture with regard to permitting telephonic depositions. *See, e.g.,* Jahr v. IU International, 109 F.R.D. 429 (N.C. 1986), wherein the court noted :

> Nothing in the language of Rule 30(b)(7) requires that a telephonic deposition may only be taken upon a showing of necessity, financial inability, or other hardship. Nor do the Advisory Committee Notes give any reason to imply such restrictions were intended as conditions to issuing an order to conduct telephonic depositions. However, by looking to a concomitant 1980 amendment to Rule 30, one discerns a purpose to encourage the courts to be more amenable to employing non-traditional methods for conducting depositions, such as telephonic depositions, in order to reduce the cost of federal litigation....

[Footnotes omitted]

The case for permitting telephone depositions in the case at bar is even stronger because there <u>are</u> financial hardships involved. Plaintiff John Doe was molested by the

priest defendants while he was a student at St. Gregory's Academy, a Catholic prep school of national stature which draws students from around the entire United States and Canada. Therefore, as would be expected, many of the key witnesses in this case live outside of the Scranton, Pennsylvania area. Despite this hardship, plaintiffs' counsel wished to fly to these different cities to take these depositions (Affidavit of James Bendell dated October 27, 2003). Defense counsel refused to travel to these cities for depositions unless plaintiffs' paid their transportation costs (Id.). Therefore, at the request of defense counsel the deposition of Matthew Selinger was scheduled to be by telephone, but defense counsel failed to attend the Selinger depositions. Plaintiffs therefore request this court to issue an order holding that the deposition of Matthew Selinger taken in this case may be used for all purposes for which depositions are permitted under Federal Civil Rule 32.

Filed herewith is the Fourth Affidavit of James Bendell which explains the steps taken to schedule the depositions of additional witnesses taken the week of November 10, 2003. For the reasons set forth in therein plaintiffs request that the court also issue an order holding that the depositions of Steven Fitzpatrick, Joseph Sciambra, Patrick McLaughlin and Paul Hornak may be used as depositions in this case under Federal Civil Rule 32.

Plaintiffs desire to take additional depositions in this case. For example, the deposition of Fr. Oppenheimer must be re-set because he stated on the record during his deposition that he would not testify without speaking to a lawyer. Plaintiffs estimate that there are probably no more than four additional telephonic depositions which need to be taken in this case. None of these depositions, nor the preceding telephonic depositions, pose any prejudice to defendants. In fact, to accommodate defendants, plaintiffs have

taken the additional and very expensive step of having these depositions occur with videoconferencing. This step is not even mandated by the federal rules.

Plaintiffs' further request that this motion be heard by the court on **an accelerated briefing schedule and shortened time** because of the relatively short time remaining for discovery in this case.

Dated this 1st day of December, 2003.

_____
James Bendell, WSBA # 20820
Co-counsel for Plaintiffs

I certify that I caused a true copy of this
pleading to be mailed to the law firms
of Cognetti, Leeson and O'Brien on 12/1/03
_____