IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DOE, JOHN DOE, SR. and JANE DOE,<br><br>        Plaintiff,<br>vs.<br><br>FATHER ERIC ENSEY, FATHER CARLOS URRUTIGOITY, DIOCESE OF SCRANTON, BISHOP JAMES C. TIMLIN, THE SOCIETY OF ST. JOHN, THE PRIESTLY FRATERNITY OF ST. PETER and ST. GREGORY'S ACADEMY,<br><br>        Defendant. | Case No.: 3 CV 02-0444<br>(JUDGE JONES)<br><br>ANSWER OF DIOCESE OF SCRANTON, BISHOP JAMES C. TIMLIN TO PLAINTIFFS' MOTION TO RATIFY THE DEPOSITION OF MATTHEW SELINGER, THE DEPOSITIONS TAKEN THE WEEK OF NOVEMBER 10, 2003, AND TO PERMIT ADDITIONAL TELEPHONIC DEPOSITIONS |

In response to plaintiffs' Motion to Ratify the deposition of Matthew Selinger and other depositions, defendants, Diocese of Scranton and Bishop James C. Timlin, offer the following. Said defendants have no objection to the requests relative to depositions of Steven Fitzpatrick, Joseph Sciambra, Patrick McLaughlin and Paul Hornak, even though they were taken out of compliance with both the Federal Rules of Civil Procedure and United States District Court - Middle District Rules. The testimony of these witnesses, though largely irrelevant, and objectionable, was at least subject to cross-examination.

With regard to the testimony of Matthew Selinger, said defendants herein object as proper notice was not even attempted in this case. See Rule 30 (b) Notice of Examination: General Requirements;... No notice was given other than to inform all defense counsel the day before the deposition was taken. Additionally, this witness was available in the state of Pennsylvania but was not in the Middle District as Rule 30 (b)(7) would require:

-1-

> "(7) The parties may stipulate in writing or the court may upon motion order that a deposition be taken by telephone or other remote electronic means. For the purposes of this rule and Rules 28(a), 37(a)(1), and 37(b)(1), a deposition taken by such means is taken <u>in the district and at the place where the deponent is to answer questions.</u>" [Emphasis ours.]

Other than this rule there is no mention of telephone deposition in either the federal rules or Middle District Rules. In fact, "perpetuation" depositions are covered only in federal rule 27 which is for depositions before trial or pending appeal.

Plaintiff argues that there are compelling reasons to allow telephone depositions in the case. That might be arguably true but certainly plaintiff should have to seek such permission before taking the depositions without opposing counsel being present. Plaintiff also argues that defendants are not prejudiced by the use of these telephone depositions. This, of course, is clearly wrong. Plaintiff's argument that a defendant is not prejudiced by an unfavorable witness not subject to any cross-examination or limited in any way by objections to all forms of objectionable testimony defies good reason. Plaintiff argues that nothing in the language of Rule 30(b)(7) requires that a telephonic deposition be taken except on a showing of necessity, financial inability or hardship. What plaintiff does not indicate and what Rule 30(b)(7) does require, is an agreement of the parties. None was present here.

In summary, without an agreement by the parties (See also Rule 29. Federal Rules of Civil Procedure - Stipulations Regarding Discovery Procedure) this deposition testimony should not be ratified, particularly in light of the absence of notice of any kind.     Matthew Selinger

is a very important witness in this case.  His testimony, as any important witness, should be subject to cross-examination.

				_____
				James E. O'Brien, Jr., Esq.
				504 Scranton Life Building
				538 Spruce St.
				Scranton, PA   18503


				 s/Joseph A. O'Brien
				_____
				Joseph A. O'Brien, Esq.
				Oliver, Price & Rhodes
				1212 S. Abington Road
				P.O. Box 240
				Clarks Summit, PA   18411-0240
				Attorney ID No. 22103
				  Counsel for Diocese of Scranton,
				  Bishop James C. Timlin

Dated:   December 19, 2003			Tel:  (570) 585-1200
				Fax:  (570) 585-5100
				Email:  jaob@oprlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DOE, JOHN DOE, SR. and JANE DOE,<br><br>        Plaintiff,<br>vs.<br><br>FATHER ERIC ENSEY, FATHER CARLOS URRUTIGOITY, DIOCESE OF SCRANTON, BISHOP JAMES C. TIMLIN, THE SOCIETY OF ST. JOHN, THE PRIESTLY FRATERNITY OF ST. PETER and ST. GREGORY'S ACADEMY,<br><br>        Defendant. | Case No.: 3 CV 02-0444 |

CERTIFICATE OF SERVICE

We hereby certify that we have served a copy of the foregoing Answer of Diocese of Scranton, Bishop James C. Timlin, to Plaintiffs': Motion to Ratify the Deposition of Matthew Selinger, the depositions taken the week of November 10, 2003, and to Permit Additional Telephonic Depositions, by sending same by U.S. mail, postage prepaid, as follows:

James M. Bendell, Esq.
2535 Ivy St.
P.O. Box 587
Port Townsend, WA   98368-0587


Joseph F. Leeson, Jr., Esq.
70 East Broad St.
P.O. Box 1426
Bethlehem, PA   18016-1426


Sal Cognetti, Jr., Esq.
Vincent S. Cimini, Esq.
507 Linden St. - Suite 700
Scranton, PA   18503

James E. O'Brien, Jr., Esq.
504 Scranton Life Building
538 Spruce St.
Scranton, PA   18503
Phone: (570) 342-0151; fax (570) 342-9492

Joseph A. O'Brien, Esq.
Oliver, Price & Rhodes
1212 S. Abington Road
P.O. Box 240
Clarks Summit, PA   18411-0240
Phone: (570) 585-1200; fax (570) 585-5100

Dated:   December 19, 2003

COUNSEL FOR DIOCESE OF SCRANTON,
BISHOP JAMES C. TIMLIN