IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DOE, JOHN DOE, SR. and JANE DOE,<br><br>　　　　　　　　　　Plaintiffs<br><br>v<br><br>FATHER ERIC ENSEY,<br>FATHER CARLOS URRUTIGOITY,<br>DIOCESE OF SCRANTON,<br>BISHOP JAMES C. TIMLIN,<br>THE SOCIETY OF ST. JOHN,<br>THE PRIESTLY FRATERNITY OF ST. PETER, and<br>ST. GREGORY'S ACADEMY,<br>　　　　　　　　　　Defendants | No. 3:CV 02-0444<br><br>Judge John E. Jones III<br><br><br><br>(Electronically Filed) |

## STATEMENT OF MATERIAL FACTS OF DEFENDANTS, DIOCESE OF SCRANTON AND BISHOP JAMES C. TIMLIN, SUBMITTED IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

1.　　The Plaintiffs, John Doe ("Doe"), John Doe, Sr. and Jane Doe, instituted this action on March 20, 2002. *Plaintiffs' Complaint, Doc #1.*

2.　　Doe was born on May 16, 1981. *Doe Deposition, p. 205 and unnumbered Exhibit attached thereto.*

3.  Defendants, Father Eric Ensey ("Father Ensey") and Father Carlos Urrutigoity ("Father Urrutigoity"), are Roman Catholic priests of the Diocese of Scranton. *Plaintiff's Complaint, Doc #1, ¶4-5; Bishop Timlin Deposition, p. 116.*

4.  Father Ensey and Father Urrutigoity were, at all times relevant to this matter, members of the Defendant, The Society of St. John (the "Society"), which is, under Canon Law, a public association of the faithful. *Bishop Timlin Deposition, p. 116, 133.*

5.  From November of 1997 through September 15, 1999, the priests of the Society resided at St. Gregory's Academy ("St. Gregory's"), a Catholic boarding school operated by the Defendant, The Priestly Fraternity of St. Peter, in Elmhurst, Pennsylvania. *Urrutigoity Deposition, p. 27-30; Plaintiffs' Complaint, Doc #1, ¶10.*

6.  On September 15, 2000, the Society purchased property in Shohola and Father Ensey and Father Urrutigoity moved to that location. *Father Urrutigoity Deposition, p. 27-30.*

7.  Doe attended high school at St. Gregory's. He graduated in 1999. *Doe Deposition, p. 9-11.*

8.  After high school, Doe attended St. Thomas Aquinas College. He began in the Fall of 1999 and stayed one (1) semester leaving in January of 2000. *Doe Deposition, p. 49, 60, 170.*

H:\My Documents\CLIENT\DIOCESE\Society of St John\District Court\Stmt Mat Facts supp msj.wpd-mg

-2-

9. After leaving St. Thomas Aquinas College, Doe lived in Raleigh, North Carolina until September of 2000. *Doe Deposition, p. 60.*

10. In September of 2000, Doe moved to Shohola, Pike County, Pennsylvania. The purpose of this move was to attend a college that he believed that the Defendant, Society, was starting at that location. *Doe Deposition, p. 59.*

11. Upon arriving at Shohola, Doe was told that he could not attend the Society's college because he was not joining the Seminary. *Doe Deposition, p. 56.*

12. Doe remained at Shohola with the Society even though he could not attend the college because "I knew that they needed office help and I wasn't actually keen on going back to Raleigh since I had been drinking a lot down there. I kind of wanted to get away from Raleigh for awhile". *Doe Deposition, p. 67.*

13. Doe stayed in Shohola with the Society for approximately two (2) months leaving in November of 2000. *Doe Deposition, p. 63-64.*

14. Doe alleges that the Defendant, Father Ensey, sexually assaulted him on numerous occasions between May of 1998 and May of 1999 while he was a student at St. Gregory's. *Doe Deposition, p. 90-105.*

15. Doe alleges that the Defendants, Father Urrutigoity and Father Ensey each separately sexually assaulted him on two (2) or three (3) occasions in September or October of 2000 while he was at Shohola. *Doe Deposition, p. 48, 73-75.*

16. By letter dated April 18, 1999, Bishop Bernard Fellay of the Fraternity of St. Pius X wrote to Bishop Timlin and informed him that a seminarian named Matthew Selinger ("Selinger") had alleged that Father Urrutigoity had sexually assaulted him in 1997 while on a trip from Winona, Minnesota to St. Louis or Kansas City Missouri. *Bishop Timlin Deposition, p. 13-14, Exhibit #3.*

17. Bishop Fellay also informed Bishop Timlin that Father Urrutigoity had been accused of a similar action while he had been a seminarian in Argentina before that but that the matter was "not absolutely proven and a certain obscurity remained". *Bishop Timlin Deposition, p. 13-14; Exhibit #3.*

18. Bishop Timlin interviewed Father Urrutigoity immediate after receiving Bishop Fellay's letter and Father Urrutigoity denied the allegations. *Bishop Timlin Deposition, p. 14*.

19. Bishop Timlin, then, directed the Diocese' auxiliary bishop, Bishop John M. Dougherty ("Bishop Dougherty"), to go to Minnesota to interview Selinger. The Diocese retained an independent attorney to attend the interview with Bishop Dougherty. Father Joseph Kopacz, the Diocese's Vicar for Priests, went with Bishop Dougherty and the attorney to Minnesota to interview Selinger. *Bishop Timlin Deposition, p. 14-15, 48; Bishop Dougherty Deposition, p. 48-50*.

20. Bishop Dougherty also interviewed a number of other priests who were on the 1997 trip from Minnesota to Missouri with Father Urrutigoity and Selinger. *Bishop Dougherty Deposition, p. 50.*

21. During the various interviews, Bishop Dougherty learned that the journey continued after Urritigoity's alleged assault of Selinger and that Selinger brought Father Urrutigoity to his parents' home after the alleged events occurred. *Bishop Dougherty Deposition, p. 50-51.*

22. After conduction of interviews of Selinger and the other priests on the journey, Bishop Dougherty was not able to conclude whether Father Urrutigoity had sexually assaulted Selinger. *Bishop Dougherty Deposition, p. 50-51.*

23. Bishop Dougherty reported the results of his investigation to Bishop Timlin. *Bishop Timlin Deposition, p. 16.*

24. The matter was then referred to the Diocese of Scranton Independent Review Board (the "Review Board") which was also unable to conclude whether Father Urrutigoity had sexually assaulted Selinger. *Bishop Timlin Deposition, p. 17-19.*

25. Based on the decision of the Review Board, Bishop Timlin did not take any action against Father Urrutigoity. *Bishop Timlin Deposition, p. 17-19.*

26. The record, in this case, contains no evidence that either Bishop Timlin or the Diocese of Scranton received any complaints or notice of improper sexual activity by Father Ensey prior to 2001.

Respectfully submitted,

s/Joseph A. O'Brien
Joseph A. O'Brien, Esquire
*Attorney for Defendants, Diocese of Scranton and Bishop James C. Timlin*
Attorney I.D. No.: 22103
Oliver, Price & Rhodes
P.O. Box 240
Clarks Summit, PA 18411
Tel: (570) 585-1200
Fax: (570) 585-5100
Email: jaob@oprlaw.com

s/James E. O'Brien, Jr.
James E. O'Brien, Jr., Esquire
KENNEDY, O'BRIEN, McCORMACK & MULCAHEY
Scranton Life Building, Suite 504
538 Spruce Street
Scranton, PA 18503-1808

## CERTIFICATE OF SERVICE

I, **Joseph A. O'Brien, Esquire**, of Oliver, Price & Rhodes, hereby certify that on the 1st day of June, 2004, I served a true and correct copy of the foregoing STATEMENT OF MATERIAL FACTS OF DEFENDANTS, DIOCESE OF SCRANTON AND BISHOP JAMES C. TIMLIN, SUBMITTED IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT by placing the same in the United States Mail, First Class Postage Prepaid, at Clarks Summit, Pennsylvania, addressed as follows:

James M. Bendell, Esquire
PO Box 587
Port Townsend, WA 98368

Harry T. Coleman, Esquire
Courthouse Square Law Offices
148 Adams Avenue
Scranton, PA 18503

Sal D. Cognetti, Jr., Esquire
Foley, Cognetti, Comerford & Cimini
Scranton Electric Building, Suite 700
507 Linden Street
Scranton, PA 18503-1635

Joseph F. Lesson, Jr., Esquire
70 East Broad Street
PO Box 1426
Bethlehem, PA 18016-1426

s/Joseph A. O'Brien
Joseph A. O'Brien, Esquire