## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN DOE, JOHN DOE, SR. and JANE DOE, | : | |
| | : | |
| | : | No. 3: CV 02-0444 |
| Plaintiffs | : | (Judge Jones) |
| | : | |
| v. | : | |
| | : | |
| FATHER ERIC ENSEY, ET AL., | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM AND ORDER

### June 15, 2004

We have before us for disposition the Motion for Reconsideration (doc. 56) of Defendants Father Eric Ensey ("Fr. Ensey"), Father Carlos Urrutigoity (Fr. Urrutigoity") (hereinafter collectively referred to as "Defendant Priests"), and the Society of St. John, filed on April 1, 2004.  Within their Motion, Defendant Priests not only seek reconsideration of our March 23, 2004 Order ("March Order" or "Order"), but in the event that their Motion is denied, request certification language pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5 for the purpose of allowing an immediate appeal of our interlocutory Order.  Our Order granted Plaintiffs' Motion to Compel and allowed discovery of certain psychological records pertaining to Fr.

1

Urrutigoity, subject to strict confidentiality constraints.

The matter has been fully briefed by the parties.  For the reasons discussed below, we will deny the Motion for Reconsideration, and certify the matter for appeal pursuant to Defendant Priests' request.


**PROCEDURAL HISTORY**

The procedural history of this matter as it relates to the instant Motion is well known to the parties and need not be set forth in detail.  However, suffice it to state that the odyssey commenced with the filing of Plaintiffs' Motion to Compel on November 3, 2003.  Not only was the matter fully briefed by the parties, but on January 27, 2004, pursuant to our Orders of November 7 and December 11, 2003, we conducted a hearing during and after which the two subject evaluations of Fr. Urrutigoity were produced for our *in camera* inspection.  All of this resulted in our March Order granting Plaintiffs' Motion, subject to strict limitations.


**STANDARD OF REVIEW**

"The purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence."  Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (quoting Harsco Corp. v. Zlotnicki, 779

F.2d 906, 909 (3d Cir. 1985)).  "Accordingly, a judgment may be altered or amended

if the party seeking reconsideration shows at least one of the following grounds: (1)

an intervening change in the controlling law; (2) the availability of new evidence that

was not available when the court granted the motion for summary judgment; or (3)

the need to correct a clear error of law or fact or to prevent manifest injustice."  Id.

(citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir.

1995)).  "A motion for reconsideration is not to be used as a means to reargue

matters already argued and disposed of or as an attempt to relitigate a point of

disagreement between the Court and the litigant."  Abu-Jamal v. Horn, No. CIV. A.

99-5089, 2001 WL 1609761, *9 (E.D. Pa. December 18, 2001) (citations and

internal quotation marks omitted).

## DISCUSSION

We will first evaluate Defendant Priests' Motion as it relates to their request

that we reconsider our March Order.  Following that analysis, we will address their

additional request that we certify the matter for appeal.

### *Reconsideration of the Motion to Compel*

Our review of Defendants' brief in support of their Motion indicates that it is,

in the main, a reiteration of the very same points raised by them in opposing

Plaintiffs' Motion to Compel the psychological records at issue.  As such, we are not

inclined to duplicate our earlier efforts and restate that which was fully developed in our March Order.  We will, however, utilize this opportunity to make several necessary points as we deny Defendant Priests' Motion.

First, we find that Defendant Priests' argument as it relates to the Pennsylvania Mental Health Procedures Act ("MHPA"), 50 P.S. §§ 7101 *et seq.*, is misplaced.

Defendants' Exhibits A and B, annexed to their brief, appear to be an attempt by Defendant Priests, via affidavit, to establish that they were treated in a mental health facility (the Southdown Institute in Canada), that they thus fall within the purview of MHPA, and that either by written release or otherwise, no consent to the release of their psychological evaluations was given by Defendant Priests.

Assuming, *arguendo*, that the Southdown Institute in Canada qualifies as a "mental health institution," it is clearly not a Pennsylvania institution.  That fact *ipso facto* removes the Defendant Priests from the protection and application of the MHPA since we believe that the statute applies only to *Pennsylvania* institutions.  In addition, the MHPA "governs the provision of inpatient psychiatric treatment and involuntary outpatient treatment . . . .  The purpose of the statute is to assure the availability of adequate treatment to persons who are mentally ill, and to establish procedures to effectuate this purpose." Zane v. Friends Hospital, 836 A.2d 25, 33

4

(Pa. 2001).  Thus, even if a Canadian institution came within the dictates of the MHPA, we do not believe it otherwise applies in the case at bar, in which the Defendant Priests were evaluated for employment purposes and treatment was not sought.  Put another way, there is no indication that the Defendant Priests are "mentally ill" as provided in the MHPA.

Next, the affidavits of Defendant Priests, provided with their submissions (Defendants' Exhibits A and B), and in particular paragraph 3 of each affidavit, stand in stark contrast to, and are at variance with other evidence revealed to this Court relating to the waiver of the privilege by Defendant Priests.  Despite the abundant respect that we have for Defendant Priests' counsel, as well as our admiration for the zealous representation they have provided to their clients, we are convinced that the Defendant Priests had, *ab initio*, no expectation of privacy with respect to the subject evaluations.  Defendant Priests were quite obviously evaluated at the behest of Bishop Timlin, in accordance with the standard operating procedures of the Diocese in matters of this type, and with every expectation that the results ultimately would be placed in the hands of the Diocese for its review.  (See Mem. & Order of March 23, 2004 at 7 n.11, 10-13.)  Any psychotherapist-patient privilege was thus waived.

Defendant Priests have consistently grounded their non-waiver argument in their contention that their counsel, and not Bishop Timlin or the Diocese, received

5

the subject reports. Simply and perhaps more directly stated than in our March Order, it is clear to us that Defendant Priests' counsel intercepted the two subject psychological reports in a creative attempt to cloak them with yet another privilege (attorney-client), and thus prevent their disclosure in this litigation. We remain unpersuaded by Defendant Priests' efforts, after the fact, to reconstruct a privilege long ago waived by them. For all of the reasons set forth in our detailed March Order, we have deemed counsels' effort in this regard a failure. We continue to believe that the subject reports are discoverable, although subject to the strict limitations provided in our Order.

### *Certification of Appeal under 28 U.S.C. 1292(b) and Fed.R.App.P.5*

We next turn to the issue of whether, having denied Defendants' Motion for Reconsideration, we should certify this matter for an appeal to the Court of Appeals for the Third Circuit. In this regard, we are guided, and in fact controlled, by the analysis and holding rendered by our appellate court in In re Ford Motor Co., 110 F.3d 954 (3d Cir. 1997).

As noted in In re Ford Motor Co., it is a general rule that discovery orders issued by a district court are not final orders for the purposes of obtaining appellate jurisdiction. This general rule is, however, not without exception.

Our March Order included a determination that "the Court of Appeals for the

Third Circuit has not addressed the issue of waiver of the psychotherapist-patient privilege . . . ." (Mem. & Order of March 23, 2004 at 7). As such, our holding as it related to discoverability confirmed that not only was the issue before us serious and unsettled, but also that our Order thus resolved an important issue separate from the merits. See Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 546 (1949) (holding that an appeal of a non-final order is permissible if it decided "claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated."). This then creates a collateral order and places us squarely within the ambit of the In re Ford Motor Co. decision. At first blush, we might have assumed that the confidentiality provisions of our Order would save the day for Plaintiffs, and allow us to deny certification. However, In re Ford Motor Co. advises us otherwise.

> As the Second Circuit aptly stated with respect to the attorney-client privilege, the limited assurance that the protected material will not be disclosed at trial 'will not suffice to ensure free and full communication by clients who do not rate highly a privilege that is operative only at the time of trial.' With respect to material otherwise protected by the work product doctrine, the party will be similarly irremediably disadvantaged by erroneous disclosure. "Attorneys cannot unlearn what has been disclosed to them in discovery;' they are likely to use such material for evidentiary leads, strategy decisions, or the like. More colorfully, there is no way to unscramble the egg scrambled by disclosure; the baby has been thrown out with the bath

water.

110 F.3d at 963 (quoting Chase Manhattan Bank, N.A. v. Turner & Newall, PLC,

964 F.2d 159, 165 (2d Cir. 1992).

In summary, because we believe that our Order falls within the narrow

exception to the rule permitting appellate review only of final orders, we shall certify

the matter pursuant to 28 U.S.C § 1292(b).  See Rhone-Polenc Rorer Inc. v. Home

Indem. Co., 32 F.3d 851, 860 (3d. Cir. 1994).

**NOW, THEREFORE, IT IS ORDERED THAT:**

1.      Defendants' Motion for Reconsideration (doc. 56) is DENIED.

2.      Our March 23, 2004 Order is hereby certified for interlocutory appeal

to the U.S. Court of Appeals for the Third Circuit only as it relates to

the discoverability of the October 2001and March 2002 psychological

reports of Fr. Carlos Urrutigoity.


s/ John E. Jones III
John E. Jones III
United States District Judge