AUGUST 2004 PRETRIAL CONFERENCE LIST
UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| Abbreviated Case Name | Civil No. | Complaint Filed | Pre-trial Hour |
|---|---|---|---|
| Doe v. Ensey | 02cv444 | 3/20/02 | 9:00 |
| Sherwood v. Williamsport | 02cv736 | 5/1/02 | 9:45 |
| Scott v. Eureka, et al | 02cv805 | 5/10/02 | 10:30 |
| Great West v. McNeese, et al | 02cv1725 | 9/30/02 | 11:15 |
| Eagle v. Schneider | 03cv110 | 1/16/03 | 1:15 |
| Browne v. PSU | 03cv451 | 3/13/03 | 2:00 |
| Boyd v. Travel Center | 03cv874 | 5/23/03 | 2:45 |
| Masker v. New York , et al | 03cv1812 | 10/10/03 | 3:30 |

ORDER

July 1, 2004

**THE FOLLOWING CONSTITUTES JUDGE JONES' PRETRIAL ORDER. COUNSEL IS ADVISED TO READ THE ORDER THOROUGHLY UPON RECEIPT. PLEASE NOTE THAT THIS IS A TIME SENSITIVE ORDER CONTAINING ABSOLUTE REQUIREMENTS RELATING TO THE ABOVE-CAPTIONED CASE.**

TABLE OF CONTENTS

¶1   Pre-trial Conferences

¶2   Jury Composition

1

¶3	Majority Verdicts

¶4	Joint Voir Dire Statement

¶5	Joint Proposed Voir Dire Questions

¶6	Pre-trial Procedure

¶7	Summary Jury Trials

¶8	Motions in Limine

¶9	Late Settlements

¶10	Settlement of Government Cases

¶11	Conflict with Trials in Other Courts

¶12	Telephone and FAX Numbers

¶13	Continuance of Pretrial Conference

¶14	Local Rules

¶15	Pro Se Parties

¶16	Fax Copies of Documents

Index

1.	<u>Pretrial Conferences</u>.  The final pre-trial conferences in the above cases will be held in Williamsport, Pennsylvania, on **August 2, 2004** at the times set forth above.  Lead counsel who expect to try the cases shall attend the pre-trial conference.

2. <u>Jury Composition</u>. Unless otherwise stipulated, the Court assumes that juries will consist of eight (8) persons.

3. <u>Majority Verdicts</u>. Parties will endeavor to agree on whether majority verdicts are appropriate. The Court will, however, assume that the parties desire verdicts to be unanimous. If counsel otherwise agree, they will submit a stipulation so stating at the time of the pretrial conference. That stipulation shall inform the Court as to what majority is acceptable to both parties.

4. <u>Joint Voir Dire Statement</u>. If a case is to be tried to a jury or tried to the Court with an advisory jury, **counsel shall agree upon and sign the briefest possible statement of facts to be read to the prospective jurors at voir dire to ascertain whether any jurors have any knowledge of or interest in the case.** The voir dire statement shall be presented to the Clerk of Court at the pre-trial conference unattached to other papers. The <u>complete</u> <u>current caption</u> shall appear on the voir dire statement so that the names of all current parties may be called to the attention of the prospective jurors. Only the Plaintiff(s) need submit the agreed upon voir dire statement.

5. <u>Joint Proposed Voir Dire Questions</u>. Voir dire in civil cases will initially be conducted by Judge Jones. The Court will then allow counsel to conduct further voir dire outside of its presence. **Counsel shall agree upon and**

**sign copies of their proposed voir dire questions prior to the final pre-trial conference.** The voir dire questions shall be presented to the Clerk of Court at the pre-trial conference unattached to other papers.  The <u>complete</u> <u>current caption</u> shall appear on the voir dire questions so that the names of all current parties may be called to the attention of the prospective jurors. Only the Plaintiff(s)need submit the agreed upon voir dire questions. Counsel shall not use letters or decimal numbers to designate subparts of proposed voir dire questions. Each proposed voir dire question shall be separately numbered. Any counsel may ask any of the questions which may ask any of the questions which are approved by the Court as well as any appropriate follow up questions. Additional requests for questions which may not reasonably have been foreseen may be made at the jury drawing. The questions shall be so framed that an affirmative answer by a prospective juror will indicate a potentially disqualifying factor. These procedures may, however, be modified by the court in individual cases.

      6.    <u>Pre-trial Procedure</u>.

          6.l  <u>Pre-pre-trial Conference of Counsel</u>. Except as modified by this order, counsel shall follow Local Rule l6.3 and shall also accomplish the following at the pre-pre-trial conference between counsel:

          6.2    <u>Listing, Marking and Submission of Exhibits</u>. Counsel shall

mark exhibits Pl, Dl, etc., except where there are multiple defendants separately offering exhibits, in which event their exhibits shall be designated by initials of parties and numbers. The use of letters following the numbers of document, such as D2b, is discouraged. If more than one party lists the same exhibit, only l letter and number shall be used for it. The lists of exhibits shall be on a copy of the Clerk's exhibit list attached to this Order. For the convenience of the Clerk exhibit lists of a party shall not be attached to other documents. Multi-paged exhibits shall bear page numbers for quick reference in court. Insofar as practicable, counsel shall number a party's exhibits in similar places on each exhibit. Counsel first using an exhibit at trial in jury cases shall have the responsibility of preparing a redacted copy containing only the portions read in open court so that the same may be submitted to the jury when it commences deliberations. Exhibit lists shall be presented to the Clerk of Court at the pre-trial conference unattached to other papers.

     6.3   <u>Factual Issues</u>. Counsel for each party shall file at the pre-trial conference a statement containing each issue of fact which counsel for that party deems determinable by the jury. The issues of fact shall be concisely stated and shall contain minimum, if any, legal concepts or legalistic terms.

The paragraphs shall be serially numbered with no more than one issue of fact included in any paragraph.

  6.4 <u>Special Verdict Questions</u>. Counsel shall agree upon a **joint** statement of proposed special verdict questions which shall be bound separately.  Special verdict questions shall be presented to the Clerk of Court at the pre-trial conference unattached to other papers.

  6.5 <u>Format of Special Verdict Questions</u>.  Counsel shall phrase special verdict questions so as to ask <u>factual</u> questions only and to avoid, to as great an extent as possible, reference to legal concepts.  Any proposed special verdict question shall be susceptible of affirmative, negative, or other appropriate short answer.  In cases involving multiple Defendants, counsel are encouraged to submit questions which address each Defendant separately so as to decrease the possibility of an inconsistent verdict.  The proposed special verdict questions shall be typed one to a page and shall be serially numbered. Except for questions involving dollar amounts, questions necessitating a multiple choice answer, and other unusual factual findings, the 3 possible answers shall be indicated as follows:

      Yes        ____

      No        ____

        Evidence Equally
        Balanced      ____

  6.6 <u>Disputed Special Verdict Questions.</u> The joint statement of proposed special verdict questions shall include undisputed proposed special verdict questions as well as proposed questions about which there is a dispute.  Undisputed questions shall be marked "U" at the end of each question.  When there is a dispute as to the language of a specific proposed special verdict question, the parties shall each propose a special verdict question and shall indicate who proposed each question.  Related disputed questions shall follow each other or be arranged alongside each other in the joint statement so that the Court may readily compare them.  If a party objects to a question being asked on a particular subject, he or she shall indicate such objection and on the assumption that the Court will ask a question on the subject shall without prejudice either join in the question or propose his or her own question on the subject.

  6.7 <u>Arranging Conference of Counsel</u>. Responsibility for arranging the pre-pre-trial conference between counsel before the final pre-trial conference with the court is placed upon counsel for the plaintiff or plaintiffs who shall offer opposing counsel at least three alternative dates upon no less

than 5 working days notice.  The conference between counsel shall be held at least 2 working days before the final pre-trial conference at the office of the attorney for the plaintiff or plaintiffs, provided, however, that if such counsel has no office in the Middle District of Pennsylvania, the conference shall be held in the Middle District at a point as nearly equidistant as practicable from the offices of those counsel in the case who have offices in the District, unless all counsel resident in the District agree otherwise.

      6.8 <u>Submission of Documents to the Court</u>.  Counsel shall electronically file their pre-trial documents prior to the final pre-trial conference, except that the pre-trial memorandum shall be filed at least five days prior to the pre-trial conference (see 6.9 below).  The documents should contain the information requested in the form set forth in Appendix B to the Local Rules except as set forth in this order.  If for some reason there is no final pre-trial conference, such documents shall be filed at least by one week before the start of the trial or hearing.

      6.9    <u>Pre-trial Memorandum</u>.  In accordance with Local Rule 16.6, each party shall file a pre-trial memorandum and serve a copy on all other parties at least five days prior to the final pre-trial conference.  All items required by this or other order of this Court which are not required by Local

Rule l6.6 may be added at the end of the Pre-trial Memorandum prescribed by said Local Rule.

6.10 <u>Statement of Undisputed Facts</u>. If the case or any subsidiary aspect thereof is to be tried to the Court without a jury or with an advisory jury, counsel shall attempt in good faith to agree insofar as possible upon a comprehensive written statement of all undisputed facts. If the admissibility of some undisputed fact is challenged, notation of the objection and the name of the party objecting thereto shall be set forth in the statement. The statement shall be divided into serially numbered paragraphs with only one fact allocated to each paragraph. The statement shall be signed by counsel for all parties. Responsibility for the typing of the stipulation shall rest with the counsel for the Plaintiff or Plaintiffs.

If the case is to be tried only to a jury, counsel are relieved by this order from the requirement of preparing the comprehensive written statement of all undisputed facts required by Local Rule l6.3 and Appendix B to the Local Rules.

6.11 <u>Hearings on Motions.</u> In any matter in which facts are to be found by the Court, counsel shall file annotated proposed findings of fact and conclusions of law within 1 hour after the close of the hearing with

respect to the same unless the Court for good cause shown extends the filing time. Proposed findings of fact shall be divided into paragraphs with only one fact allocated to each paragraph. Each paragraph shall be identified at the end thereof as "Disputed," "Undisputed" or "Undisputed but Objected to" as the case may be. Abbreviations (D), (U) or (U.O.) are sufficient. The designation U.O. should be utilized in a case in which counsel does not dispute the factual content of a proposed finding but objects to the proposed finding on another ground, such as relevance. Each counsel shall initial or sign the findings proposed by opposing counsel at the end thereof to verify that the designations "Disputed," "Undisputed," and "Undisputed but Objected to" are correct. Counsel in any non-jury trial or hearing before the Court shall submit proposed findings of fact on a computer diskette compatible with WordPerfect 5.l, if such a diskette has been used in counsel's office in preparing the findings. All counsel shall be at liberty to supplement such findings and conclusions by typewritten or legibly handwritten documents if the request to file such supplements be made orally to the Court prior to the conclusion of the hearing so that a time within which to file such supplemental findings can be set.   (REVISED 4/20/01)

7.     <u>Summary Jury Trials</u>.  At the pre-trial conference a decision will be

made as to whether the case shall be tried first to a summary jury.

    7.1   <u>Witnesses</u>.  Each party shall be entitled to call one witness who shall be subject to direct, cross, redirect, and recross examination and whose testimony shall be recorded.

    7.2  <u>Presentation by Counsel</u>.  The attorney for each side shall be entitled to one hour, exclusive of testimony, in which to present the case to the jury.  Plaintiff's presentation shall be divided into 45 minutes initially with l5 minutes in rebuttal.

    7.3 <u>Presentation by Counsel</u>. Presentation by counsel shall combine an opening statement, a summary of the evidence, a closing statement, and instructions on any applicable law which the jury needs to know.

    7.4 <u>Dispute as to the Applicable Law</u>. If there is a dispute as to the applicable law, each side shall present to the court at least 20 hours before the summary jury trial points for charge which are disputed.

    7.5 <u>Special Verdict Questions</u>. The case shall be submitted to the summary jury by use of the same special verdict questions as are to be used at the main trial.  The instructions on the special verdict questions to be used at the summary jury trial shall differ from those to be used at the main trial in that at the conclusion of the liability questions the jury shall be directed to

continue with the damages questions regardless of their findings on liability. The provisions with respect to special verdict questions set forth at Paragraphs 4.4, 4.5, and 4.6 above shall be applicable to the special verdict questions to be submitted to the summary jury.

    7.6 <u>Submission of Special Verdict Questions</u>.  Counsel shall submit special verdict questions together with the appropriate instructions on each question to the Court at least 18 hours prior to the start of the summary jury trial.

    7.7 <u>Questioning by Counsel</u>.  After the verdict is returned, each counsel in rotation shall be entitled to ask the foreperson leading questions answerable by "yes" or "no" or by dollar figures.  The questions shall not in any way be derogatory of the jury or its findings.  The questioning shall continue so long as any counsel desires.  Counsel may cease questioning and may resume questioning thereafter during questioning by opposing counsel.

    7.8 <u>Attendance by Parties</u>. Individual parties shall attend the summary jury trial. Attendance on behalf of corporate parties shall be by a responsible agent.

8.    <u>Motions in Limine</u>.  **Written motions in limine should be submitted to the Court, with briefs in support, <u>no later than fourteen (14) days prior</u> to**

**the final Pre-trial Conference. Responses shall be submitted within seven calendar days of the date that the relevant motion in limine is filed.**

      9.    <u>Late Settlements</u>. Whenever any civil action scheduled for jury trial is settled or otherwise disposed of in advance of the actual trial, jurors' costs, including mileage and per diem, shall be assessed equally against the parties unless the Clerk's Office at the place the trial is to be held is notified of the settlement in sufficient time to permit the Clerk to advise the jurors that their attendance will not be necessary. Notice to such Clerk's Office before 5:00 P.M. on the last business day preceding the day on which the trial of the action is to start shall be adequate for such purpose. Any party may apply to the Court for a different assessment of such costs or relief therefrom.

      10.    <u>Settlement of Government Cases</u>. While there are no government cases on this list, one or more may be added to the list before the scheduled pretrial conference date. Any case involving the United States or the Commonwealth of Pennsylvania or any of their agencies or agents which is placed on this list will not be considered by the Court as settled until a fully executed settlement agreement is filed with the Court accompanied by a form of judgment to be entered by the Court or until counsel for the parties in open court stipulate to a judgment to be entered. Consequently, until such documents are filed with the Court or such an oral

stipulation is entered into in open court, cases involving the United States or the Commonwealth of Pennsylvania, their agencies or agents, will proceed to pre-trial conference, and, if advisable, to drawing of juries, and trial to the same effect as if no settlement had been reached between or among the parties.

    11.    <u>Conflict with Trials in Other Courts.</u>  If when a case is called for trial counsel is actually in trial in a Pennsylvania state court or in a federal court, not merely attached for trial, or is attached for argument in an appellate Pennsylvania or federal court, the case will be deferred at the request of such counsel until such trial or argument shall have terminated.  If a case in such other court is called for trial on the same day that it is called for trial in this Court, we will defer to the other court and counsel shall be deemed in trial in the other court on that particular day.  Because predictions as to the length of a trial by counsel or a judge are always risky, counsel to whom deferment is accorded shall wait until termination of the conflicting trial in the state or other federal court and then shall forthwith notify the Clerk in Williamsport by telephone of such termination.  Thereafter, unless said counsel is a sole practitioner, when the case on this trial list is reached for trial, it shall be tried by said counsel, or, if said counsel is engaged in another trial, the case on this trial list shall be tried by such other counsel as he or she shall designate; provided, however, that if at that time counsel for another party is actually in trial,

he or she shall have the right to elect deferral under the provisions of this paragraph.  "Counsel" in this paragraph means the chief trial counsel for a party in both this court and the state court or in the other federal court, as the case may be.

l2. <u>Telephone and FAX Numbers</u>.  Counsel shall file with their pre-trial documents the numbers of their office and residence telephones and their FAX numbers, if any.

l3. <u>Continuance of Pretrial Conference</u>.  A motion for continuance of any final Pretrial conference shall be filed **at least 10 days prior to the Pretrial Conference**, so as to permit the court to rearrange its schedule unless the reason for such continuance subsequently arises.

l4. <u>Local Rules</u>.  The Local Rules were most recently revised effective March 3, 2003. A copy of the current Local Rules may be obtained from the Clerk of the Court or online at <u>www.pamd.uscourts.gov.</u>

l5. <u>Pro Se Parties</u>.  Any party who is not represented by counsel shall have all the duties which would normally be placed upon his or her counsel by the Local Rules, this order, and other orders of this Court.

16. <u>Fax Copies of Documents.</u>  If counsel is waived from the electronic filing requirement they must file documents in the Williamsport Clerk's Office, in addition fax copies of such documents, excluding exhibits, to the Clerk's Office in Williamsport for immediate delivery to the judge.  The fax number of the Clerk's Office in Williamsport is 570-323-0636.

<u>s/ John E. Jones III</u>
John E. Jones III
United States District Judge