IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DOE, JOHN DOE, SR. and JANE DOE, <br><br> Plaintiffs <br><br> vs. <br><br> FATHER ERIC ENSEY, <br> FATHER CARLOS URRUTIGOITY, <br> DIOCESE OF SCRANTON, <br> BISHOP JAMES C. TIMLIN, <br> THE SOCIETY OF ST. JOHN, <br> THE PRIESTLY FRATERNITY OF ST. PETER, and <br> ST. GREGORY'S ACADEMY, <br><br> Defendants | No. 3:CV 02-0444 <br><br> Judge John E. Jones, III <br><br> (ELECTRONICALLY FILED) |

# REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS, DIOCESE OF SCRANTON AND BISHOP JAMES C. TIMLIN

### STATEMENT OF FACTS AND PROCEDURAL HISTORY

Plaintiff instituted this action on March 20, 2002. On June 10, 2004, Defendants, the Diocese of Scranton and Bishop James C. Timlin, filed a Motion for Summary Judgment as to all counts of Plaintiffs' Complaint. Plaintiffs filed a responsive brief on July 19, 2004. Defendants, the Diocese and Bishop Timlin, now file a Reply Brief in support of their Motion for Summary Judgment.

### STATEMENT OF QUESTIONS INVOLVED

I.  Should the Motion for Summary Judgment of Defendants, the Diocese of Scranton and Bishop James C. Timlin, be granted as to Counts Two and Four of Plaintiffs' Complaint?

   SUGGESTED ANSWER:  **Yes**.

II. Should this Court find that Plaintiffs' claims are barred by the Statute of Limitations and therefore grant the Motion for Summary Judgment of Defendants, the Diocese of Scranton and Bishop James C. Timlin, as to all Counts of Plaintiffs' Complaint?

   SUGGESTED ANSWER:  **Yes**.

III. Should the Motion for Summary Judgment of Defendants, the Diocese of Scranton and Bishop James C. Timlin, be granted as to all counts because Plaintiffs have failed to prove the requisite affirmative element of consent?

   SUGGESTED ANSWER:  **Yes**.

### ARGUMENT

**I.  TORT LIABILITY MAY NOT BE IMPOSED ON DEFENDANTS, DIOCESE OF SCRANTON AND BISHOP JAMES C. TIMLIN, FOR THE ACTS COMMITTED BY A PRIEST OF THE DIOCESE OF SCRANTON.**

In attempting to assert that the Defendants, the Diocese of Scranton and Bishop Timlin are vicariously liable for the alleged sexual abuse of Father Urrutigoity and Father Ensey, Plaintiffs cite <u>Patel vs. Himalayan International Institute of Yoga Science and Philosophy in the USA</u>, No. 94-1118, 1999 WL 33747891 (M.D.Pa. Dec. 9, 1999). However, <u>Patel</u> is clearly inapplicable to the present situation. In <u>Patel</u>, the Himalayan Institute (the "Institute") was a spiritual health center staffed by doctors, psychologists, and nurses who all believed in the use of yoga for health purposes.

2

Id. at 2.  The Institute was headed by a spiritual leader known as Swami Rama, who was given complete authority, including the ability to choose the Institute's Board of Directors and officers, as well as "final, mandatory, and recommending powers in all spiritual and administrative matters at the Himalayan Institute." Id.  During the course of Swami Rama's leadership, the Board of Directors of the Institute received countless notifications of sexual improprieties by the Swami Rama, including some from a psychiatrist who was once in the Institute's employ. Id. at 4-5.  The Institute did not investigate any of these allegations prompting several board members to resign in protest of the Institute's inaction. Id.  The Institute claimed that although there was evidence that could support a finding that they were aware of Swami Rama's activities and turned a blind eye, there was not sufficient evidence to support a finding that Swami Rama was acting within the scope of his agency relationship with the Institute when engaging or attempting to engage in sexual relations with plaintiff. Id. at 7.  In holding the Institute vicariously liable for Swami Rama's activities, the court cited the fact that Swami Rama was given unrestrained authority to "counsel" Institute residents in any way he felt appropriate. Id. at 9.  Further, the court noted that the Institute's officers and directors believed that "all actions of Swami Rama were selfless and that even actions that seemed wrong or motivated by personal gratification were intended to benefit his disciples." Id.  The court also noted that based on the Institute's complete lack of response to the allegations of abuse, one could infer that the Institute condoned sexual relations between Swami Rama and his disciples. Id. at 10.  Thus, due to the unrestricted authority given to Swami Rama,

and because it was clear the Institute had notice of Swami Rama's prior transgressions the court held there was sufficient evidence to support a finding of vicarious liability.  Id.

Patel does not apply to the present case.  In Patel, the Institute's Board received chose not to act in the face of the numerous complaints they received of Swami Rama's improper behavior.  In contrast, Bishop Timlin conducted a full investigation of alleged acts of misconduct by Father Urrutigoity and was unable to conclude whether Father Urrutigoity engaged in the alleged sexual misconduct. Bishop Timlin then reported such allegations to the Diocese of Scranton Independent Review Board which was likewise unable to conclude whether such improprieties took place.  Moreover, Swami Rama enjoyed the unfettered ability to counsel in any manner in which he felt necessary, with no person within the Institute possessing power greater than that of Swami Rama.  Patel, No. 94-1118, 1999 WL 33747891.  In essence, Swami Rama did not have to answer to anyone.  The record in the present case is completely devoid of any evidence that Father Urrutigoity or Father Ensey were given the amount of authority by the Church that the Swami Rama had at the Himalayan Institute.  The Diocese of Scranton and Bishop Timlin refused to turn a blind eye to the accusations leveled against Father Urrutigoity as the Board of Directors did in Patel; instead, Bishop Timlin saw that a full investigation was conducted, as such actions would not have been tolerated.

In Hutchinson vs. Luddy, the court held that because both the Bishop and the Diocese knew for certain that the defendant priest had "a propensity for pedophilic

behavior and were aware of several specific instances of such conduct" they were liable for negligence for failing to control the priest who sexually abused the minor plaintiff. Hutchinson vs. Luddy, 560 Pa. 51, 64 (2000). The present case provides no evidence that either Bishop Timlin or the Diocese of Scranton received any allegations of improper sexual activity by Father Ensey prior to 2001. Further, although Bishop Timlin was notified of an alleged improper activity by Father Urrutigoity, a prompt investigation by himself and the Diocese of Scranton Independent Review Board was unable to conclude whether Father Urrutigoity had engaged in any alleged misconduct.

Finally, the Pennsylvania Superior Court has held that a church is not vicariously liable for its minister actions where the minister sexually abused a minor who lived in his neighborhood. R.A. ex rel. vs. First Church of Christ, 748 A.2d 692 (Pa.Super. 2000). The court in First Church of Christ found that the minister's conduct was outrageous and clearly unrelated to employment duties. Based on that finding, the court found that the minister's actions were outside the scope of his employment and the Church was not vicariously liable for his actions. Id. at 700. Similarly, even if the allegations of impropriety by Father Urrutigoity and Father Ensey were true, they are outrageous and clearly outside unrelated to employment duties. Thus, Bishop Timlin and the Diocese of Scranton are not vicariously liable for the priests' actions. As such, Defendants, the Diocese and Bishop Timlin, respectfully request that this Court grant their motion for summary judgment as to Counts Two and Four of Plaintiffs' Complaint.

II. **PLAINTIFFS' CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS**

    A.    DEFENDANTS, THE DIOCESE OF SCRANTON AND BISHOP TIMLIN, AT ALL TIMES COMPLIED WITH RELEVANT RULES OF CIVIL PROCEDURE

Plaintiffs claim that Defendants failed to comply with Civil Rule 8, requiring that the statute of limitations defense be raised in their Answer to the Complaint. Plaintiffs' assertion is blatantly incorrect. Defendants, the Diocese of Scranton and Bishop James C. Timlin, did raise the statute of limitations defense in their Answer. Specifically, Defendants raised the Statute of Limitations defense as the Fourth Defense in their Answer, filed September 5, 2002 (Dkt. Entry 18).

    B.    THE STATUTE OF LIMITATIONS ON PLAINTIFFS' CLAIMS SHOULD NOT BE TOLLED DUE TO PLAINTIFF DOE'S CONSUMPTION OF ALCOHOL

Plaintiffs claim that the statute of limitations should be tolled on Plaintiffs' claims because Plaintiff Doe was under the influence of alcohol when the alleged acts occurred and "had not come to grips with the entirety of the abuse." Although courts at times will toll the statute of limitations because drugs or alcohol prevented the victim from being aware of the abusive situation, the evidence in this case clearly precludes such tolling of the statute. In Hartz vs. The Diocese of Greenburg, the plaintiff alleged he was sexually abused by a priest who was employed as a teacher at plaintiff's highschool. 94 Fed.Appx. 52 (3d Cir. 2004). Plaintiff claimed the priest sexually abused him on several occasions, often after supplying him with alcohol. Id. at 54. Plaintiff further contended that because he repressed the shame associated with the abuse, he did not discover the link between the abuse and his psychological

injuries until years later. Id. Plaintiff brought his action beyond the two year statute of limitations applicable to his claims of abuse, yet asserted that the statute of limitations should have been tolled. Id. at 55. The court dismissed this argument because plaintiff did not allege he was <u>not cognizant</u> of the abuse at the time it occurred or anytime thereafter. Id. Plaintiff was aware that something improper was taking place, hence, the statue of limitations was not tolled. Id. Similarly, in the present case, plaintiff does not claim that the effects of alcohol rendered him unaware of the alleged acts of abuse. In fact, at page 72 of plaintiff's deposition, he states, "I had come to grips with certain events of the abuse, but not the entirety of it." Thus, under <u>Hartz</u>, because plaintiff clearly does not claim that the effects of alcohol prevented him from being aware of the alleged abuse, the statute of limitations cannot be tolled.

### C. THE STATUTE OF LIMITATIONS ON PLAINTIFFS' CLAIMS SHOULD NOT BE TOLLED BY THE DISCOVERY RULE

Plaintiffs assert that the statute of limitations on their claims is tolled by the discovery rule. For this argument, plaintiffs rely on <u>A.L.M. vs. Diocese of Allentown</u>, (Lehigh Co. C.C.P., June 24, 2004). In <u>A.L.M.</u>, seven plaintiffs assert various counts which all stem from alleged sexual abuse they suffered as minors parishioners at the hands of clergy within the Diocese of Allentown. The plaintiffs sued the Diocese of Allentown and the bishops who served the Diocese during and after the abuse. Id.

The discovery rule tolls the running of a statute of limitations until the plaintiff knows or reasonably should know: (1) that he has been injured, and (2) that his injury has been caused by another party's conduct. In re TMI, 89 F.3d 1106, 1116 (3d Cir. 1996) (citations omitted). Every plaintiff has a duty to exercise reasonable diligence in ascertaining the existence of an injury and its cause. Id.

It is well established that a plaintiff must plead sufficient facts to show that his claim is timely brought. Gurgein, et al. v. Sovereign Group, et al., 826 F.Supp. 890, 919 (E.D.Pa. 1993). Where the plaintiffs' pleading clearly shows that the statute of limitations would otherwise be a bar, it is part of the plaintiffs' further pleading burden to allege fact to justify the tolling of the statute of limitations. Gee v. CBS, Inc., 471 F.Supp. 600, 623 (E.D. Pa. 1979). Pennsylvania law permits a plaintiff who wishes to assert the discovery rule to do so in one of two ways: 1) by pleading in the complaint sufficient facts to sustain application of the rule; or 2) by waiting until the defendant asserts a statute of limitations defense in new matter and then raising the discovery rule in a responsive pleading. Prevish v. Northwest Medical Center Oil City Campus, 692 A.2d 192, 197 (Pa. Super. 1997); citing Fox v. Byrne, 363 Pa. Super. 70, 525 A.2d 428 (1987). Plaintiffs failed to assert the discovery rule as a reason for tolling the statute of limitations in this case, and the Complaint (Dkt. Entry 1) does not allege facts sufficient to sustain an application of the discovery rule. As such, Plaintiffs are barred from raising the discovery rule at this point in these proceedings.

Under Pennsylvania law, the party seeking to invoke the discovery rule bears

the burden of establishing the inability to know of the injury despite the exercise of reasonable diligence; the very essence of the discovery rule in Pennsylvania is that it applies only to those situations where the nature of the injury itself is such that no amount of vigilance will enable the plaintiff to detect an injury. Calle v. York Hospital, 232 F.Supp.2d 353 (M.D.Pa. 2002). The discovery rule is only to apply if it is determined that a reasonable person in plaintiff's position would have been unaware of the salient facts. Bowser v. Guttendorf, 541 A.2d 377 (Pa. Super. 1988). It does not matter whether a plaintiff is aware that someone may be legally responsible for his injury. Once he knows or should know the cause of that injury he must investigate the situation and ascertain who might be legally culpable. Id., citing Redenz by Redenz v. Rosenberg, 360 Pa. Super. 430, 435, 520 A.2d 883, 886 (1987).

The record is devoid of any evidence that Plaintiffs investigated the situation to determine who might be legally culpable. Once Plaintiffs became aware of the salient facts (the alleged improper behavior by Father Urrutigoity and Father Ensey), it became Plaintiffs' duty to investigate who might be responsible for those acts. There is no evidence in the record indicating any such investigation by Plaintiff.

Based on Plaintiffs failure to plead the discovery rule and the absence of any evidence in the record in support of Plaintiffs' argument, Defendants, the Diocese of Scranton and Bishop Timlin, respectfully submit to this Court that Plaintiffs are barred from raising the discovery rule as a basis for the tolling of the statute of limitations in this case.

> D. THE STATUTE OF LIMITATIONS ON PLAINTIFFS' CLAIMS SHOULD NOT BE TOLLED BECAUSE OF THERE IS NO EVIDENCE OF FRAUDULENT CONCEALMENT ON THE PART OF THE DEFENDANTS, THE DIOCESE OF SCRANTON AND BISHOP TIMLIN

Plaintiffs next claim that the statute of limitations should be tolled due to fraudulent concealment by Defendants, the Diocese of Scranton and Bishop Timlin.

Defendants reiterate that a plaintiff must plead sufficient facts to show that his claim is timely brought. Gurgein, et al. v. Sovereign Group, et al., 826 F.Supp. 890, 919 (E.D.Pa. 1993). Where the plaintiffs' pleading clearly shows that the statute of limitations would otherwise be a bar, it is part of the plaintiffs' further pleading burden to allege fact to justify the tolling of the statute of limitations. Gee v. CBS, Inc., 471 F.Supp. 600, 623 (E.D. Pa. 1979). Moreover, Federal Rule of Civil Procedure 9(b) provides that "in all averments of fraud ... the circumstances constituting fraud shall be stated with particularity." The Complaint (Dkt. Entry 1) does not even contain the term "fraud" and certainly does not plead fraudulent concealment with particularity. Where the presence or absence of fraud is not simply the basis of a cause of action which has been timely commenced, but rather is the very precondition for tolling the statute of limitations, it is especially important that the requirements of Rule 9(b) be met. Gee, 471 F.Supp. at 628. Plaintiffs have failed to do so in this case.

Of particular interest in Gee is the court's footnote 17. The plaintiffs in Gee alleged that the "fraudulent concealment" could only have been discovered by the research done by an independent person, Albertson. Similarly, in the case presently before this Court, Plaintiffs claim that they only became aware of "fraudulent

concealment" on the part of the Diocese and Bishop Timlin when they first read Dr. Bond's open letter to the Bishop on Bond's website. The court in Gee held that such a claim was not an allegation of the "affirmative efforts of [the defendant] to 'divert, mislead, or prevent discovery.' Rather, it is simply an allegation that would bear on the 'reasonableness' of non-detection of the fraudulent concealment if it were otherwise alleged that [the defendant] had actively engaged in fraudulent concealment. Without such an allegation concerning [the defendant's] activities, the allegation about the independent research is without legal force." Id. It is clear that this alleged evidence submitted by Plaintiffs is not evidence of fraudulent concealment on the part of Defendants, the Diocese of Scranton and Bishop Timlin.

Plaintiffs have the burden of proving fraudulent concealment by clear, precise and convincing evidence. Calle v. York Hospital, 232 F.Supp.2d 353 (M.D.Pa. 2002). Plaintiff must show that defendant committed an act upon which plaintiff relied. Speicher v. Dalkon Shield Claimants Trust, 943 F.Supp. 554, 558 (E.D.Pa. 1996); citing Northhampton County Area Community College v. Dow Chemical U.S.A., 389 Pa. Super. 11, 566 A.2d 600 (1989). Mere failure to warn is insufficient. Id. In order to establish fraudulent concealment by a defendant, a plaintiff must prove an affirmative or independent act of concealment that would divert or mislead the plaintiff from discovery the injury or its cause. Bohus v. Beloff, 950 F.2d 919, 925 (3d Cir. 1991). Mere mistake, misunderstanding, or lack of knowledge is insufficient. Shafer vs. Larzelere, 410 Pa. 402, 405, 189 A.2d 267, 269 (1963).

In <u>Baily v. Lewis</u>, 763 F.Supp. 802, (E.D.Pa. 1991), plaintiff brought an action against defendant to recover for damages allegedly sustained as a result of defendant's acts of sexual abuse while plaintiff was a minor. <u>Baily v. Lewis</u>, 763 F.Supp. 802, 803 (E.D.Pa. 1991). Plaintiff claimed that he did not become aware of the abuse until more than fifteen years after the last alleged incident. <u>Id</u>. In response to plaintiff's claims, defendant filed a motion for summary judgment claiming that plaintiff's action was barred by the statute of limitations. <u>Id</u>. Plaintiff then argued that the statute of limitations defense should not be available to defendant due to his alleged fraudulent concealment. <u>Id</u>. at 811. Plaintiff contended that defendant used "his position of trust and guidance to make the wrongful acts that he committed with Plaintiff seem normal and healthy." <u>Id</u>. The court concluded that such assurances did not amount to fraudulent concealment. <u>Id</u>. In their analysis, the court noted that in the malpractice arena, a defendant physician's general statements that "everything was fine and that the plaintiffs should not worry" are insufficient to prevent defendants from raising the statute of limitations, because such general reassurances do not rise to the level of…. specific representations" necessary to constitute fraudulent concealment <u>Id</u>.; citing <u>Ciprut vs. Moore</u>, 540 F.Supp. 817, 821 (E.D.Pa. 1981), <u>aff'd without opinion</u>, 688 F.2d 819 (3d Cir. 1982). The court held that similar to such reassurances by a defendant physician, the defendant's assurances were akin to those of a defendant physician and thus failed to establish fraudulent concealment sufficient to prevent defendant from raising the statute of limitations. <u>Id</u>.

The alleged fraudulent concealment committed by the Diocese and Bishop Timlin does not compare to that asserted by the plaintiff in <u>Baily</u>. Far from providing the requisite <u>specific representations</u> needed for the court to conclude there was fraudulent concealment, plaintiffs do not even allege that there were <u>general assurances</u> made by the Diocese or Bishop Timlin to the plaintiff regarding the alleged sexual abuse. Without any such representations, a claim of fraudulent concealment is not colorable. Plaintiffs assert that they were not aware that Bishop Timlin allegedly did not conduct a background check on Fathers Ensey and Urrutigoity prior to incardinating them into the Diocese of Scranton until after the statute of limitations had run on his claims. Concealment which tolls the statute must be an affirmative, independent act of concealment; mere silence or nondisclosure, even by corporate officials is not enough. <u>Gee v. CBS, Inc.</u>, 471 F.Supp. 600, 623 (E.D. Pa. 1979), citing <u>Overfield v. Pennroad Corporation</u>, 146 F.2d 889, 896 (3d Cir. 1944). There must be affirmative efforts to divert, mislead, or prevent discovery. The record is empty of any evidence of efforts by the Defendants, the Diocese of Scranton and Bishop Timlin, to divert, mislead, or prevent discovery.

Plaintiffs failed to plead fraudulent concealment on the part of Defendants, the Diocese and Bishop Timlin, in their Complaint, and the record does not contain any evidence of fraudulent concealment on the part of Defendants. Therefore, Plaintiffs are barred from raising fraudulent concealment now as a defense to the statute of limitations having run on their claims. As such, Defendants, the Diocese and Bishop Timlin, respectfully request that this Court grant their motion for summary judgment

as to the claims barred by the Pennsylvania statute of limitations.

### III. PLAINTIFFS HAVE FAILED TO PROVE THE REQUISITE AFFIRMATIVE ELEMENT OF CONSENT.

Rule 56(e) requires that "an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response … must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." F.R.Civ.P. 56(e). The Third Circuit has held that "a party resisting a [Rule 56] motion cannot expect to rely merely upon bare assertions, conclusory allegations or suspicions." Gans v. Mundy, 762 F.2d 338, 341 (3d Cir. 1985), citing Ness v. Marshall, 660 F.2d 517, 519 (3d Cir.1981).

Mere formal denials or general allegations which do not show the facts in detail and with precision are insufficient to prevent the award of summary judgment. Out Front Productions, Inc. v. Magid, 748 F.2d 166, 172 (3d. Cir. 1984); citing Robin Construction Co. v. United States, 345 F.2d 610, 613 (3d. Cir. 1965); quoting Engl v. Aetna Life Ins. Co., 139 F.2d 469, 473 (2d. Cir. 1943). Under this rule, "a party resisting the motion cannot expect to rely merely on bare assertions, conclusory allegations or suspicions." Ness v. Marshall, 660 F.2d 517, 519 (3d. Cir.1981) (emphasis added). See, Fireman's Insurance Co. of Newark, N.J. v. DuFresne, 676 F.2d 965, 969 (3d. Cir.1982).

Where a party opposing a motion for summary judgment has the burden of persuasion, and the moving party has identified sufficient facts of record to

demonstrate that no genuine issue of material fact remains, the nonmoving party is obliged to identify those facts of record which would contradict the facts identified by the movant.  Childers v. Joseph, 842 F.2d 689, 694-695 (3d. Cir. 1988), citing, First Nat'l Bank of Pa. v. Lincoln Nat'l. Life Ins. Co., 824 F.2d 277, 282 (3d Cir.1987) (nonmoving party with burden of persuasion may not rest on mere denials to withstand motion for summary judgment); see also, Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. at 2552-53, 81 L.Ed.2d 265 (1986).

In their responsive brief to the summary judgment motion of Defendants, the Diocese and Bishop Timlin, Plaintiffs do not even deny Defendants' argument that the elements of the Plaintiffs' claims have not been established.  Plaintiffs do not identify any facts of record contradicting the facts identified by the Defendants.  Plaintiffs merely assert that Defendants' argument "does not merit serious discussion."  This statement fails to prove that there is evidence of the affirmative element of consent in this case.  Moreover, such an assertion does not comply with the requirements of Rule 56(e).  As such, Defendants, the Diocese and Bishop Timlin, respectfully request that this Court grant their motion for summary judgment as to the Ensey/Shohola and the Urrutigoity/Shohola claims.

## CONCLUSION

For the reasons set forth above, and for the reasons set forth in the Brief in Support of Motion for Summary Judgment of the Defendants, the Diocese and Bishop Timlin, it is respectfully submitted that summary judgment must be entered in favor of Defendants, the Diocese of Scranton and Bishop James C. Timlin, and against the Plaintiffs.

    Respectfully submitted,

s/Joseph A. O'Brien
Joseph A. O'Brien, Esquire
Attorney I.D. No.: 22103
Oliver, Price & Rhodes
P.O. Box 240
Clarks Summit, PA 18411
Tel: (570) 585-1200
Fax: (570) 585-5100
Email: jaob@oprlaw.com

s/James E. O'Brien, Jr.
James E. O'Brien, Jr., Esquire
KENNEDY, O'BRIEN, McCORMACK & MULCAHEY
Attorney I.D. No.: 18888
Scranton Life Building, Suite 504
538 Spruce Street
Scranton, PA 18503-1808

/s/ Karoline Mehalchick
Karoline Mehalchick, Esquire
Attorney I.D. No. PA87641
Oliver, Price & Rhodes
1212 South Abington Road
PO Box 240
Clarks Summit, PA 18411
Tel: 570-585-1200
Fax: 570-585-5100
E-mail: km@oprlaw.com
*Attorneys for Defendants, Diocese of Scranton and Bishop James C. Timlin*

### CERTIFICATE OF WORD COUNT

Pursuant to L.R. 7.8(b)(2), the undersigned certifies that the Brief in Support of Defendant's Motion for Summary Judgment contains 4,238 words.

s/ Karoline Mehalchick
Karoline Mehalchick, Esquire

### CERTIFICATE OF SERVICE

I, **Karoline Mehalchick, Esquire**, of Oliver, Price & Rhodes, hereby certify that on the 13th day of August, 2004, I served a true and correct copy of the foregoing REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS, DIOCESE OF SCRANTON AND BISHOP JAMES C. TIMLIN on all interested counsel:

James M. Bendell, Esquire
PO Box 587
Port Townsend, WA 98368

Harry T. Coleman, Esquire
Courthouse Square Law Offices
148 Adams Avenue
Scranton, PA 18503

Sal D. Cognetti, Jr., Esquire
Foley, Cognetti, Comerford & Cimini
Scranton Electric Building, Suite 700
507 Linden Street
Scranton, PA 18503-1635

Joseph F. Leeson, Jr., Esquire
70 East Broad Street
PO Box 1426
Bethlehem, PA 18016-1426

s/ Karoline Mehalchick
Karoline Mehalchick, Esquire