IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN DOE, JOHN DOE, SR. and JANE DOE, | : : : | |
| Plaintiffs | : : | No. 3: CV 02-0444 (Judge Jones) |
| v. | : : | |
| FATHER ERIC ENSEY, ET AL., | : : | |
| Defendants | : | |

**ORDER**

**October 5, 2004**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On September 29, 2004 the Plaintiffs, John Doe, John Doe, Sr. and Jane Doe, filed a Motion for Supplemental Discovery Order (doc. 126), asking this Court to issue a supplemental Order, directed at the Superior Court of Ontario, Canada.

On March 23, 2004 this Court issued an Order (doc. 55) granting Plaintiff's Motion to Compel (doc. 35), and ordered the Defendants to turn over to the Plaintiffs certain psychological records of Defendant Fr. Urrutigoity. Within our March 23, 2004 Order, we noted that we were unable to rule on whether certain records of Defendant Fr. Ensey, located at Canada's Southdown Institute, were discoverable, because it appeared that they remained with a Dr. Mikhail in Canada

and were not produced for our inspection. Memorandum Opinion and Order (doc. 55) at 14 n.18. We delayed our ruling as to the Ensey records because we were obviously unable to engage in an *in camera* review of the documents at that time.

The Plaintiffs state that the Defendants are vociferously objecting, in a Canadian court proceeding, to the transfer of these documents for our review. As a result, the Plaintiffs request that this Court now issue an additional Order in aid of having the Canadian court order the release of the records.

According to the U.S. Department of State, this Court may issue a Letter of Request to the Canadian courts, explaining that the request satisfies eleven requirements. U.S. Department of State, "Judicial Assistance in Canada," October, 5, 2004 at http://travel.state.gov/law/canada_legal.html.

While this Court will consider granting the Plaintiff's Motion for a Supplemental Order, we will do so only for the discovery of the single report of Dr. Mikhail, referenced in the resolution of the Motion to Compel. Thus, we will allow the parties to submit briefs on the limited issue of whether this Court should issue such a Letter of Request or order asking the Canadian court to order the Southdown Institute to send to us the final report of Dr. Mikhail for an *in camera* review. The remaining areas set forth by Plaintiffs in their suggested order are clearly beyond the scope of a supplemental or clarifying order, and will not be included in any event.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Plaintiffs' Motion for Expedited Consideration of Motion for Supplemental Discovery Order (doc. 127) is GRANTED as set forth herein.

2. The Defendants shall file a Brief in Opposition no later than October 13, 2004.

3. The Plaintiffs shall file a Reply Brief no later than October 20, 2004.

4. The parties' briefs shall address only the discovery of the written report pertaining to Defendant Fr. Ensey by Dr. Mikhail which appears to be in the possession of the Southdown Institute in Canada. The Court's consideration of any supplemental order will not include one which addresses any notes, drafts, raw data, test results, interview records, or other documents outside of the said report by Dr. Mikhail.

5. In light of this Order, Plaintiff's First Motion for Sanctions Against Fr. Eric Ensey (doc. 125) is DENIED as moot.

        s/ John E. Jones III
        John E. Jones III
        United States District Judge