IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DOE, JOHN DOE, SR. and JANE DOE,<br><br>    Plaintiff,<br>vs.<br><br>FATHER ERIC ENSEY, FATHER CARLOS URRUTIGOITY, DIOCESE OF SCRANTON, BISHOP JAMES C. TIMLIN, THE SOCIETY OF ST. JOHN, THE PRIESTLY FRATERNITY OF ST. PETER and ST. GREGORY'S ACADEMY,<br><br>    Defendant. | Case No.: 3 CV 02-0444<br><br>Judge: Hon. John E. Jones<br><br>PLAINTIFFS' REPLY TO ENSEY AND URRUTIGOITY OPPOSITION TO ISSUANCE OF ORDER FOR SUPPLEMENTAL DISCOVERY |

In their brief, defendant priests do not contest the plaintiffs' discovery motion on the merits. Rather, they argue that the court should not grant the motion because Fr. Ensey has filed bankruptcy and because the priest defendants are attempting an en banc appeal of the Third Circuit's rejection of their psychological records appeal. Neither theory has merit.

First, the priests' psychological records are relevant evidence against all parties, not just the priests. Fr. Ensey's bankruptcy filing does not stay litigation against his co-defendants. *See e.g.*, <u>McCartney v. Integra Nat. Bank North</u>, 106 F.3rd 506 (3rd Cir. 1997). Additionally, the plaintiffs will shortly be filing a motion for relief from stay in Bankruptcy court, a motion which will surely be granted because damages arising from willful acts are not dischargeable in bankruptcy.

PLAINTIFFS' REPLY BRIEF REGARDING CANADIAN DISCOVERY - 1

Second, this court continues to have jurisdiction over this matter. According to Federal Appellate Rule 8 (a) there is no stay of proceedings unless granted by this court. This court has stayed the order disclosing Fr. Urrutigoity's psychosexual evaluation, but there is no reason why the remainder of the proceedings should be stayed.

Finally, with all due respect, plaintiffs request that the court sign the proposed order as submitted, and not simply order the transmittal of the report on Fr. Ensey. This court's March 23, 2004 discovery order focused on the reports of Fr. Urrutigoity and Fr. Ensey because the Urrutigoity "report" was the only document provided to the court by Mr. Cognetti. It is unfair to force the plaintiffs to use Mr. Cognetti as a gatekeeper for the breadth of discovery in this case. There may well be other documents in the Southdown Institute files concerning these priests that are relevant to this case. For example, the priests may have answered questions about sexual abuse in the presence of a polygraph examiner, a routine practice in psychosexual evaluations. Additionally, there may be records of calls between Southdown and bishop Timlin. After all, to this day we do not know how Timlin learned that Fr. Ensey was a pornography buff.

Plaintiffs are merely asking that all the Southdown records be sent to this court. This court will then screen those documents to determine their relevance before any of them are released in discovery.

Dated this 15th day of October, 2004.

_____
James Bendell, WSBA 20820
Co-counsel for plaintiffs

I certify that I caused a true copy of this pleading
to be sent my electronic mail to Joseph Leeson,
Joseph O'Brien on Sal Cognetti on 10/15, 2004.

PLAINTIFFS' REPLY BRIEF REGARDING CANADIAN DISCOVERY - 2